OLLIE M. PETIT ET AL. V. THOMAS M. HUBBELL AND CALVIN CURRIE.

*Fraudulent conveyances—Execution—Evidence.*

The owner of a parcel of land placed it in the hands of a firm of real-estate agents for sale or exchange. The land was exchanged for a house and lot, the deed of which was executed to one of the agents, without the knowledge of the principal. At the request of the principal, the agent con-

veyed the house and lot to the principal and two other persons, to each of whom she had sold a one-third interest. After the delivery of the deed to the agent, and before the execution of the deed to the principal and her vendees, an execution had been levied upon the house and lot at the suit of a judgment creditor of the agent. The principal and her vendees filed a bill to set aside said levy. On the hearing the real controversy was as to the ownership of the land exchanged for the house and lot, the defendant insisting that it was in fact owned by the agent, and that the name of the principal was used and the suit commenced collusively to defeat the levy. And it is held that the facts which appeared on the hearing, namely, that the principal had paid for the land, and had exercised acts of ownership over it, and that by her direction it had been assessed to her, and that the deed from the agent of the house and lot to her and her vendees was executed and delivered in the absence of any claim or showing that either had at that time learned of the levy, are controlling facts, and a decree granting the relief prayed for is affirmed.

Appeal from St. Clair. (Vance, J.) Argued May 2, 1895. Decided May 21, 1895.

Bill to declare void an execution levy as a cloud upon complainants' title. Defendant Hubbell appeals. Decree affirmed. The facts are stated in the opinion.

*Atkinson & Wolcott,* for complainants.

*S. E. Engle,* for appellant.

McGRATH, C. J. Defendant Hubbell appeals from a decree declaring a levy made by him October 15, 1892, upon an execution running against defendant Calvin Currie and one Gilbert, to be a cloud upon the title of complainants' land, and void.

Currie and Gilbert were copartners, and real-estate brokers. Complainant Ollie M. Petit avers that she had placed in the hands of Currie & Gilbert for sale or exchange for other property a parcel of land situate upon the St. Clair flats; that an exchange was effected with

one Bennett for a house and lot in Algonac; that Bennett deeded the Algonac property to Calvin Currie on October 15, 1892; that, on the evening of the same day, Currie delivered to her the Bennett deed, at the same time explaining that it should have been made to her, and promising to convey to her; that she then requested a conveyance to complainants jointly, and later in the evening a deed was executed, acknowledged, and delivered by Currie and wife to her, but that between the time that the Bennett deed was delivered to Currie and the conveyance to complainants the levy was made.[1]

The real controversy is as to the ownership of the land in St. Clair flats, the defendant Hubbell insisting that that parcel was in fact owned by Currie, and that Ollie M. Petit's name is used and this proceeding commenced collusively to defeat Hubbell's levy. The land had been made by dredging canals around the lots. It was not officially known to either the state or federal government, was unsurveyed, and without title of record. Defendant Currie, his brother, and one Gentle had squatted upon this and adjacent parcels, and this parcel was conveyed to defendant Currie in December, 1890, who, a few days afterwards, conveyed to complainant Petit. Neither of said conveyances had been recorded at the time of the levy. The deeds, however, were produced, and shown to have been executed at the dates named. It was further shown that Currie & Gilbert were without means; that complainant Petit had, prior to the execution of the deeds, realized quite a sum of money from the estate of a deceased husband; that the consideration, to wit, the sum of $300, had been actually paid by the transfer of certain bank certificates of deposit which were produced; that the supervisor of the adjoining township had, upon Ollie M. Petit's claim of ownership, subsequently assessed this parcel to her; and that in May, 1891, a writ-

---

[1] Complainant Ollie M. Petit had arranged for the sale to each of her co-complainants of an undivided one-third of the land.

ten contract for dredging a canal through or adjacent to the land in question had been entered into between Ollie M. Petit and the defendant Hubbell. Bennett testified that Currie & Gilbert represented that they owned the land, and gave him a quitclaim deed, executed by themselves and wives; and that, upon the discovery by him of the contract with Hubbell, he requested, and there was delivered to him, a quitclaim deed from Ollie M. Petit, executed by Calvin Currie as attorney in fact. Currie and Gilbert, however, testified that the negotiations were closed on October 12; that Bennett preferred and requested a deed from Currie & Gilbert; that on October 13, Bennett, at Detroit, produced a deed to Calvin Currie of the Algonac property, and was then told that the deed should run to complainant Petit; that the matter was thereupon deferred until the next day; that the parties met again at Detroit, on the 14th, when Bennett insisted that the delivery of the deeds should take place on the land, and the matter was again deferred until the 15th, when the deeds were delivered upon the flats land, they expecting that the suggested correction in the deed had been made; that attention was directed to the fact that it had not been made, when Currie remarked that he could rectify the error by a conveyance to Mrs. Petit. Mrs. Petit had, on the 14th, signed and acknowledged a deed of the marsh land running to Bennett, and she claims that this deed was delivered to Currie; but why it was not delivered in lieu of the deed executed by Currie as her attorney in fact does not appear, except that Currie says that the other was first executed, and was afterwards delivered by mistake. The deed was, however, produced at the hearing.

It clearly appears that during the negotiations Bennett had had several interviews with defendant Hubbell. The negotiations were concluded on the 12th of October. Bennett produced his deed of the Algonac property on October 13 at Detroit. On that day a levy was made upon the marsh land. On the 14th of October, Bennett insisted

upon taking possession of the flats parcel, and the delivery of the deeds thereon. On the 15th possession was taken, and the deeds delivered; and on the same day the levy was made on the Algonac property. Hubbell had good reason to suspect that Currie & Gilbert were conducting their matters so as to avoid the collection of the judgment against them, and Bennett seems to have been satisfied that Currie & Gilbert owned the land, and to have paid little attention to the indications, or to the statements, if any, that the land belonged to complainant Petit. However that may be, if Currie & Gilbert instructed Bennett to make the deed of the Algonac property to Mrs. Petit, and he made it to Calvin Currie, or if Currie directed the deed to be made to himself, in either case it was a fraud upon Mrs. Petit. The deed to Mrs. Petit, executed and delivered in December, 1890, the payment by her of the consideration, the assessment of the land to her, the contract for the dredging, and, lastly, the deed from Currie to complainants, executed and delivered at Algonac, in the absence of any claim or showing that either had at that time learned of the levy, are controlling facts, and the decree must be affirmed, with costs to complainants.

The other Justices concurred.