THE PEOPLE'S MUTUAL BENEFIT SOCIETY v. ALEXANDER M. LESTER.

*Foreign insurance companies—Right to sue—Failure to comply with State laws.*

Under How. Stat. § 8136, which provides that when, by the laws of this State, any act is forbidden to be done by any corporation without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of or made or entered into in consideration of such act, a foreign mutual benefit society which, by reason of its noncompliance with the laws of this State, is not authorized to do business therein, cannot maintain an action in this State to recover from an agent moneys collected by him, under an arrangement with its officers, on assessments by it made upon its Michigan members.

Case made from Branch.  (Yaple, J.)  Argued May 8, 1895.  Decided July 2, 1895.

*Assumpsit.*  Defendant assigns error.  Reversed, and judgment entered in this Court for defendant.  The facts are stated in the opinion.

*M. A. Merrifield* (*John B. Shipman*, of counsel), for appellant.

*H. H. Barlow,* for plaintiff.

Hooker, J. The plaintiff is a foreign mutual benefit society. By arrangement between its officers and the defendant, the latter collected, within the State of Michigan, from its members living in said State, money assessed by the plaintiff upon its members, for which it recovered judgment in the circuit court. The findings of fact show that at the time of the transactions out of which this litigation grows the plaintiff had not complied with the laws of this State, and was not authorized to do business herein, but, on the contrary, was forbidden, under a penalty. How. Stat. § 4225.[1]

It is contended by plaintiff's counsel that the illegality of the original contract does not prevent plaintiff's recovery of money voluntarily paid to another for its use and benefit, in support of which we are cited to *Willson v. Owen,* 30 Mich. 474, and *Richardson v. Welch,* 47 Id. 309. In the latter case Mr. Justice Campbell uses this language:

"Even in cases where public, and not merely private, interests were involved, courts have refused to relieve parties who had the money of other people in their hands against accounting, when there was no question of public policy to be involved in that transaction."

If cases involving a question of public policy are to be considered exceptions to the rule, as this language seemingly implies, the rule could hardly be applied to the present case. See *Seamans v. Temple Co.,* 105 Mich. 400.

But we think it unnecessary to pass upon the question, as under the statute, How. Stat. § 8136, the plaintiff is not authorized to maintain this action, because the collection of this money "arose out of" acts of the plaintiff which were forbidden, viz., the doing business and issuing certificates to citizens and residents of Michigan, and the collection of assessments by its agents within the

[1] Amended by Act No. 148, Laws of 1891.

State. See *Seamans v. Temple Co.*, *supra.* Such collection was the "transaction of the business of life insurance." How. Stat. §§ 4225, 4237, 4244

The judgment will be reversed, and judgment entered here, with costs of both courts.

The other Justices concurred.