## HANDY v. TOWNSHIP OF MERIDIAN.

1. TOWNSHIPS—DEFECTIVE HIGHWAYS—ACTION FOR INJURIES—IN-
STRUCTIONS.

An instruction that the law imposing on townships the duty
of keeping public highways in a reasonably safe condition for
public travel must be "construed reasonably, taking into con-
sideration that townships must perform their duties by means
of public officers," is improper, as justifying the inference
that, because the township is obliged to act through officers,
its negligence in the performance of a duty imposed by stat-
ute in plain and unambiguous terms may be excused under
circumstances that would not excuse such negligence in an
individual.

2. SAME—CONSTRUCTIVE NOTICE—INVESTIGATION.

In an action for injuries caused by a defect in a highway
which had existed for a sufficient length of time to charge
the township officers with notice, it was error to instruct the
jury that there was a question for their consideration as to
whether the defect was such that the township officers, "by
reason of investigation," should have seen it.

3. SAME—OBSCURING ISSUE.

In such case the question to be submitted to the jury was
whether the defect which caused the accident was such that
it rendered the highway not reasonably safe and fit for travel,
and an instruction to the effect that people sometimes get
hurt when nobody is to blame, in which case there is no
redress, was erroneous, as tending to obscure the issue.

Error to Ingham; Person, J.   Submitted June 18, 1897.
Decided September 23, 1897.

Case by Alonzo J. Handy against the township of
Meridian for personal injuries.   From a judgment for
defendant, plaintiff brings error.   Reversed.

*Q. A. Smith* (*M. V. Montgomery*, of counsel), for
appellant.

*Black & Dodge*, for appellee.

LONG, C. J.   Plaintiff was injured by his wagon's being overturned upon him by reason of a defect in the highway of defendant township.   This defect was near the approach, at the north end, of a bridge over Cedar river. In the spring of the year 1894, it appears that the waters of the river overflowed this approach, washing out a part of it, uncovering some of the cobble stones of which the approach was made, so that the usually-traveled part of the highway became impassable.   In order to avoid this washout, teams passing along the highway turned out to the east at the north end of the bridge, passing along the washout, but within the highway, upon the uneven and unworked surface of the cobble stones, and returning to the worked portion of the road beyond the washout at the north end of the cobble stones.   This washout occurred in March, 1894.   On the 16th of July, the plaintiff and others living in the city of Lansing went across this piece of road with their teams for the purpose of hauling wood from what was known as the "Hinchey Farm."   The plaintiff had a rack on his wagon 10 or 12 feet long, side stakes from 3 to 4 feet high, and a load consisting of tree tops and poles filled to the top of the stakes, and extending a little way beyond the rack in front and rear.   On returning over this road with this load, plaintiff was walking by the side of it, driving his team, when he turned out, to go around this washout.   As he entered upon this newly-beaten track, the ground on the west side gave way, causing the wheels to settle down, and the load overturned suddenly upon him.   Testimony was introduced by the plaintiff tending to show that this road had been in this condition for nearly four months, and that it was unsafe and unfit for public travel.   There is not much dispute upon the record but that it had been so unfit and not reasonably safe for public travel for such a length of time that the township officers knew of its condition, or should have known it, and that they were negligent in not keeping it in repair.   At least, there was sufficient evidence in the case which would warrant the

court in submitting such notice or knowledge as a question of fact for the consideration of the jury. The cause was tried before a jury, who, under the charge of the court, returned a verdict of no cause of action.

The assignments of error are all directed to the charge of the court, and it is claimed that the whole tendency of the charge was to prejudice the jury against the plaintiff's claim. The first portion of the charge to which our attention is called is as follows:

"Of course, gentlemen, the law is to be construed reasonably, taking into consideration what a township is, how municipalities are governed, and by what means they perform their duties; that they must perform their duties by means of public officers,—in short, the construction of the statute is reasonable, and inflicts damages on townships in the case of bodily injury sustained, as I have stated, in those cases where the township, after knowledge or notice of the condition of the highway, or after such time as would give them notice if they exercise reasonable care in investigating, and they do not repair,—they fail to make the proper repairs,—must be construed reasonably."

The contention is that this charge gave the jury to understand that, because the township must perform the duties imposed upon it by law through officers, they had a right to take that into consideration, and, if they saw fit, to excuse the township for its failure and neglect to repair, as they would not be authorized to do if the duties were imposed upon individuals, who were not obliged to perform the duty imposed by means of officers. It is further contended that the statute, of itself, imposes upon the township the duty of keeping this road in repair, and reasonably safe for public travel, and that the court had no right to direct the jury that they could put any other construction upon it.

We think there is great force in these contentions. The statute imposes and fixes duties upon townships to keep public highways in reasonable repair, and in a condition reasonably safe and fit for public travel, and, after actual notice to its officers, or after lapse of such time as creates

notice, with a reasonable opportunity to repair, gives a person injured who is free from negligence a right of action against the township for its neglect of duty. No other construction can be given to this statute. It is plain and unambiguous, and there is no room for saying that, taking into consideration that such a municipality performs its duties by public officers, therefore the statute is to be construed reasonably. Courts are not to tamper with the clear and unequivocal meaning of words used in a statute. There can be no departure from the plain meaning of a statute on grounds of its unwisdom or of public policy. 23 Am. & Eng. Enc. Law, 299, and cases there cited.

Error is also assigned upon the following portion of the charge:

"If he was injured in the road, if he was injured in the manner he alleges he was injured, then follows the question for your consideration, Was the defect of such a character that the officers of the township, in the performance of their legal duty to keep the highway reasonably safe and fit for travel, was the defect such that the township officers, by reason of investigation, should have seen it, and prepared against it? The defect charged is that a hole existed, whereby the plaintiff, in driving along, was injured, because his wagon wheels cut down, causing his load to tip over. As I said, you determine whether that defect existed, whether that was the cause of the consequences, and whether it was such a defect that the township, in the exercise of reasonable care, should have known it, and provided against it, and, following it up, if they permitted people to travel along that side."

There is no testimony in the case showing that the township had made any investigation, and the charge fails to state what, if any, investigation should have been made. The defect was there, and had existed for a long time,—a sufficient length of time so that the law implied notice to its officers that it should be repaired. It was not for the plaintiff to show in order to make his case that the township had not made an investigation. It was suf-

ficient to show that the defect existed, and that a reasonable length of time had elapsed within which the repairs should have been made.

Error is also assigned upon the following portion of the charge:

"Now, people get hurt in this world in a great many ways. People get hurt through the carelessness of others; through the negligence of others; through the failure of other people to perform duties that are incumbent upon them. People get hurt sometimes through their own neglect and their own carelessness, where they alone are to blame, and do things that a reasonably prudent man would not do, and get visited by the consequences in the way of an injury. Sometimes people get hurt by the joint carelessness of another and their own carelessness. Where the carelessness of both coöperates towards a given result, and that result is the injury of a party, both parties are to blame. And sometimes people get hurt where nobody is to blame, neither another party nor themselves,— pure accidents of life,—one of those things that in the economy of Divine Providence inflicts itself upon the members of the human family, and from which they must suffer without any legal redress or action against anybody; the world is full of it."

We think this portion of the charge had no place in the case. If, as the plaintiff claimed, there was a defect in the highway, rendering it not reasonably safe and fit for public travel, and the township had notice of it, and reasonable opportunity to repair, and the plaintiff was injured without any fault on his part, he had a right to recover, and this part of the charge, taken in connection with the parts already quoted, would naturally tend to divert the attention of the jury from the main question in the case. This is more apparent when considering the next portion of the charge of which complaint is made, in which the court said:

"Now, of course, if an accident happens for which nobody is to blame, one of these casualties happens, or where the blame is so remote, if there is blame, so very remote that it is a matter of speculation what originated it, when you meet those things you must bear it like a

sickness, or like any other unforeseen, uncalculated accident that comes, and we don't know how. There is no legal remedy for those things."

And another portion:

"If the defect was not such that the township, in the exercise of reasonable care, should have seen it, he cannot recover."

The case did not present any question as to the remoteness of blame or remoteness of cause. The condition of the road had existed long enough, if not reasonably safe and fit for travel, to constitute notice to the township.

We think the charge, as a whole, was quite unfair to the plaintiff, and that he had a right to complain that his case was not submitted to the jury upon the plain facts, as shown by the testimony which he produced.

The judgment must be reversed, and a new trial ordered.

MONTGOMERY and MOORE, JJ., concurred with LONG, C. J.

GRANT and HOOKER, JJ. When the entire charge is read, we do not think there was any error.