GAGE *v.* TOWNSHIP OF PITTSFIELD.

1. HIGHWAYS—DEFECTIVE PROCEEDINGS—EVIDENCE OF USER.
   The records relating to defective proceedings in laying out a highway, and evidence that it was generally understood in the community that it was a public highway, are admissible to show that a highway had been laid out, and, though not properly laid out, had been used sufficiently long to become a public highway, under 3 How. Stat. § 1315, providing that "all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used eight years or more, shall be deemed public highways."

2. SAME—OPENING ACROSS RAILROAD—LIABILITY FOR DEFECTS.
   Where a new highway is opened across a railroad, the township,
   and not the railroad company, is charged with the duty of
   keeping in safe condition for public travel that portion of the
   highway lying within the railroad right of way, but not being
   a part of the crossing itself nor of the approaches thereto.

Error to Washtenaw; Kinne, J. Submitted April 20, 1899. Decided June 19, 1899.

Case by Joseph E. Gage against the township of Pittsfield for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*John P. Kirk* (*Randall & Jones*, of counsel), for appellant

*Lawrence & Butterfield*, for appellee.

MOORE, J. Plaintiff recovered a judgment of $250 against the defendant for injuries received by reason of a defective highway, from which judgment defendant appeals.

The accident occurred near Pittsfield Junction. It was the claim of plaintiff that the highway was laid out in 1882, and had been in use ever since. It was the claim of defendant that the proceedings to lay out the highway were void, and that it had not been used as a highway for 10 years. The records relating to laying out the highway were offered in evidence. Their admission is said to be error, because the proceedings were defective. It is also said evidence that it was generally understood in the community that it was a public highway was incompetent. Section 1315, 3 How. Stat., provides, among other things, that "all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used eight years or more, shall be deemed public highways." The object of this proof was to show that a highway had been laid out, and, though not properly laid out, had been used sufficiently long to become a highway. A

like statute was construed in *Potter* v. *Safford*, 50 Mich.
46. In commenting upon this statute, Judge COOLEY
says:

"The question, then, is whether user alone for 10 years
is sufficient. * * * It is notorious that the proceedings
in a great many cases are carelessly managed and defec-
tive, and will not stand the test of legal scrutiny. In a
strict sense, a road is not laid out unless the proceedings
are in conformity with the law, but, in a popular sense,
every road may be said to be laid out where proceed-
ings have been taken by the highway authorities for the
purpose, however irregular the proceedings may be, or
however imperfect. * * * It is of great importance,
after a way has been used for many years, in reliance
upon proceedings supposed to be effectual to constitute it
a highway, that parties who had acquiesced should not be
encouraged or suffered to inquire into technicalities for the
purpose of defeating the public right. Ten years is ample
time to allow for contesting such proceedings. If the time
were shortened, it would, I think, be still better."

In *Village of Grandville* v. *Jenison*, 84 Mich. 68, it
is said:

"The extent to which a road is traveled does not govern.
The law does not fix the number who must travel upon a
road in order to determine whether it exists by user. It
must be used by the public, and the public are all who
have occasion to use it. In the case of *Baldwin* v.
*Herbst*, 54 Iowa, 168, it was held that it would be suf-
ficient to constitute a highway by user if it was traveled
over as much, or about as much, as it would have been if
it was laid out by the statute, and traveled as much as
the circumstances of the surrounding population and their
business required."

Proceedings had been taken by the highway authorities
to lay out this road as long ago as 1882. The petition was
signed by the railroad company, as well as others. A re-
lease of right of way was obtained through legal proceed-
ings, and the payment of damages to some of the land-
owners. While it is not shown that all of the proceedings
were regular, proof was offered tending to show that, im-
mediately following those proceedings, the highway was

opened to travel, and had been used by the public from then until the time of the accident, and is now used as a public highway. This testimony was disputed. The question was left to the jury, under a careful charge, and the jury found in favor of the plaintiff's contention. We find no error in this. See, also, *Wicks* v. *Ross*, 37 Mich. 464.

It is claimed that, as this accident occurred within the hundred feet of the right of way of the railroad company, it was the duty of the railroad company, and not the township, to make the repairs, and, if there is any liability for the accident, it is the railroad company which is liable, and not the township. The accident occurred near the limit of the right of way, not upon the crossing itself nor upon an approach to it, but in the highway. In considering this proposition, it must be borne in mind that the railroad was in existence before the highway was laid out. In *Chicago, etc., R. Co.* v. *Hough*, 61 Mich. 507, it was said by Chief Justice CAMPBELL:

"If a railroad interferes with an existing highway, it must bear all the expense of crossing, and restoring the highway, as far as practicable, to safe condition; and the fencing and cattle-guards are necessary for that purpose. But, as pointed out in *People* v. *Railway Co.*, 52 Mich. 277, when a new highway is created, then it belongs to those who create it to bear the expense of making the crossing in the condition necessary to meet all the expense and danger which it occasions."

It would hardly be claimed that it would be competent for the legislature to provide for laying out a highway through a farm, and that, when so laid out, the owner of the land should be required to keep the highway in repair. Why should a different rule apply to railroads, as to that portion of the highway which is no part of the approach to, or the structure itself used by, the railroad? The statute does not relieve the township from liability for defects in the highway itself simply because it is within the right of way of a railroad. 3 How. Stat. § 1446*f*. Coun-

sel have failed to call our attention to any decision which supports their contention, while section 1322, 3 How. Stat., as amended by Act No. 145, Pub. Acts 1893, indicates very clearly that a highway across a railroad right of way is under the control of the township authorities.

It was the claim of the plaintiff that the township authorities had allowed the water to stand in the middle of the highway until, by the passage of conveyances, a deep and dangerous hole had been created; that, in attempting to avoid the hole, the wheels of his wagon dropped into a deep rut, and he was thrown from the wagon, head first, to the ground, and received severe injuries; and that the road had been in this condition so long the township authorities must be presumed to have had notice of the defect. His claim in these particulars was denied. The case is much like *Handy* v. *Township of Meridian*, 114 Mich. 454. The circuit judge gave a fair, clear, and intelligent charge to the jury, who found in favor of the plaintiff.

It is not necessary to discuss any other questions raised by counsel.

Judgment is affirmed.

The other Justices concurred.