HODGSON v. FISHER.

DEEDS—DESCRIPTION OF LAND—APPEAL—EVIDENCE.
    On a review of the evidence, the conclusion of the circuit judge as to the location of certain lands conveyed was sustained.

Appeal from St. Clair; Law, J. Submitted April 23, 1903. (Docket No. 46.) Decided June 30, 1903.

Bill by William F. Hodgson against Alexander T. Fisher, impleaded with William Fisher, Jr., to quiet title. From a decree for complainant, defendant appeals. Affirmed.

*Avery Bros. & Walsh*, for complainant.

*William D. Fox* (*Atkinson & Atkinson*, of counsel), for defendant.

MOORE, J. This case is an appeal by the defendant from a decree rendered in favor of the complainant. The bill is filed by complainant to remove a cloud from the title to a piece of land situated in the township of Clay, in St. ·Clair county. Defendant Alexander T. Fisher answered, claiming title to the land described in the bill of complaint. Defendant William Fisher, Jr., filed a disclaimer.

Both parties agree that on March 1, 1873, the title to said lands was in one Thomas Fish. On that day Thomas Fish and wife made, executed, and delivered a warranty deed to one William Q. Fish, which deed contained the following description:

"One acre of land, to be laid off in square form from the northeast corner of the farm of the said Thomas Fish, in lot No. 2 of Harsen's Island, township of Clay, St. Clair county, State of Michigan."

The defendant claimed this deed did not convey the title to the land described in the bill of complaint.

The circuit judge found that a fair construction of this deed, from the description therein contained, locates this acre in the most northerly part of the Thomas Fish farm, next to the river St. Clair, and that the testimony shows the parties to this instrument gave this construction to this description by actually locating the acre in said place, as the grantee went into possession of an acre in that location, which acre extended to the river St. Clair. He also found that the grantee in said deed from Thomas Fish and wife, dated the 1st day of March, 1873, and all subsequent grantees in the chain of title, including tenants and contract purchasers under any of these grantees down to the complainant, have occupied to the river on this land, excepting the public have been permitted to use a strip of

land next to the river and off from the river front as a
highway, and that the possession of the land described in
the bill of complaint is, and has been since the year 1873,
in the complainant or his grantors in the chain of title.
The important question in the case is one of fact, and we
think the conclusion reached by the circuit judge is fully
sustained by the evidence.

The decree is affirmed.

HOOKER, C. J., CARPENTER and MONTGOMERY, JJ.,
concurred. GRANT, J., did not sit.