HASTINGS INDUSTRIAL CO. *v.* MORAN.

1. FOREIGN CORPORATIONS — CONTRACTS — INTERSTATE COMMERCE.
   A contract by a foreign corporation to construct and equip a factory in this State, in the performance of which materials must be purchased and labor performed in this State, notwithstanding the machinery is manufactured and shipped from another State, and the corporation maintains no office, warehouse, or general agent in the State, is not interstate commerce, and the contract is not exempt on that ground from the operation of the statute (Act No. 206, Pub. Acts 1901) providing terms upon which foreign corporations may be permitted to maintain suits in the courts of this State.

2. SAME—STATUTE—CONSTRUCTION.
   Since the enactment of section 1, Act No. 206, Pub. Acts 1901, the contracts made in this State by foreign corporations which have not been authorized to do business here, are not void, and suit may be maintained on such a contract after the corporation has complied with the statute. [1]

Error to Huron; Beach, J. Submitted February 1, 1906. (Docket No. 82.) Decided April 30, 1906.

Assumpsit by the Hastings Industrial Company against James Moran for an unpaid subscription to the capital stock of a corporation. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Bope & McNabb*, for appellant.

*James H. Hall* (*William F. Atkinson* and *Frank W. Atkinson*, of counsel), for appellee.

HOOKER, J. The plaintiff is an Illinois corporation. On April 3, 1903, it entered into a contract with the de-

_____

[1] As to validity of contracts made by foreign corporations which have not complied with statutory conditions of the right to do business in a State, see note to *Edison General Electric Co.* v. *Canadian Pacific Navigation Co.* (Wash.), 24 L. R. A. 315.

fendant and others, severally, to construct and equip a
canning factory at Port Austin in this State according to
certain plans, specifications, terms, and conditions, set
forth in the contract, and defendant promised, in consid-
eration thereof, to pay to the plaintiff the sum of $100.
Plaintiff had not filed its articles of association with the
secretary of State, but on May 27, 1903, it fully com-
plied with the requirements of the statute in that regard.
It began the construction of the plant immediately after
making the contract, and completed it on July 21, 1903,
according to the contract. On May 4, 1903, the defend-
ant and his associates filed articles of association as the Port
Austin Canning Company, as required by the contract.
On completion of the factory the keys were turned over
to the executive committee of the second parties to the
contract, and its members executed and delivered the fol-
lowing:

"Port Austin, Mich., July 21, 1903.
"The Hastings Industrial Co.,
"Chicago, Ill.

"We the undersigned executive committee, represent-
ing second parties for the erection of canning factory at
Port Austin, Michigan, have this day inspected said fac-
tory with your builder, August Miller, and find nothing
lacking to complete the same, excepting one continuous
steam exhauster and one apple filler with belt and pulley
for same; these to be furnished at your expense, within
thirty days from date of this acceptance. The additional
buildings ordered by us are satisfactory, and we authorize
you to collect from subscribers, $268.94 in payment for
same in addition to $12,800.00 the contract price, which
shall constitute payment in full for said factory. We
have this day accepted keys to said factory."

All of the machinery and equipment was shipped into
this from other States, and no part of the contract values
were furnished within this State, except the construction
of the foundation and buildings and the placing of ma-
chinery, amounting in all to about 30 per cent. of the con-
tract price. At no time prior to the completion of the
building had plaintiff an office, warehouse, or general

agent in this State. The trial judge directed a verdict for the defendant, upon the ground that the contract was void when made, the plaintiff having not complied with the statute, and that the subsequent compliance did not make the contract valid or give the plaintiff the right to a remedy in this State. The plaintiff has appealed from a judgment, and the only error alleged rests on the direction of a verdict for the defendant.

It is contended that the contract is not within the provisions of the various statutes of this State, relating to the requirements of a franchise tax, etc., from foreign corporations, for the reason that the contract is one relating alone to matters of interstate commerce. We held in *Coit & Co.* v. *Sutton*, 102 Mich. 324 (25 L. R. A. 819), that these statutes do not apply to contracts made in this State, for the purchase of articles in other States, which by the terms of the contract are to be sent to the purchaser from without the State, for the reason that it would be an interference with interstate commerce. But this is not such a case. It is true that it contemplated the furnishing of such articles, but the contract required the plaintiff to erect in Michigan a building, and install in running order such articles as go to make up a canning factory, as specified in the contract. It was necessary to purchase materials and employ men in Michigan to carry out this contract, and clearly contemplated and included something more than interstate commerce. A similar case is *Oakland Sugar Mill* v. *Fred W. Wolf Co.*, 118 Fed. 246. In that case the question was one for a jury, but on the present record there is no disputed question of fact, and the learned circuit judge did not err in taking the question from the jury.

The remaining question is whether he was justified in holding that the plaintiff could not recover, upon the ground that the contract was void, or, if not void, that the plaintiff could not be permitted to sue in our courts. Several cases have been decided wherein it was held that a foreign corporation's contracts could not be enforced in

our courts by the offending corporation, where the statutes (2 Comp. Laws, § 7219, and 3 Comp. Laws, §§ 8574, 10467) had not been complied with. See *Seamans* v. *Temple Co.*, 105 Mich. 405 (28 L. R. A. 430); *People's Mut. Ben. Society* v. *Lester*, 105 Mich. 716; *Rough* v. *Breitung*, 117 Mich. 51; *Heffron* v. *Daly*, 133 Mich. 613. The earliest of these statutes (section 10467) was in force for many years. It applied to all foreign corporations, and did not in terms declare the contracts void, but excluded them from our courts. It did not refer alone to contracts intrinsically objectionable for any other reason than the want of authority of the foreign corporation to contract in this State. In 1893 an act was passed (3 Comp. Laws, § 8574) requiring all corporations desiring to do business in the State to pay a franchise fee, and comply with other provisions, and providing that all contracts made in this State, after January 1, 1894, by any corporation which had not first complied with the provisions of that act, should be wholly void. Under this section, Chief Justice GRANT, with the concurrence of his associates, said that such a contract was void, and, while it might be estopped to plead the invalidity of such a contract in its defense, it could not maintain an action upon it in our courts. [*Rough* v. *Breitung*, 117 Mich. 56.]

Section 7219, is a part of the insurance law of the State. It was enacted in 1889, and was not aimed at the status of the company, but attempted to prevent the making of certain kinds of insurance contracts, by punishing such acts by fine and imprisonment. It did not say that such contracts would be void, and it may be added that such contracts were therefore lawful. It was held, however, that such contracts, being prohibited by law, were void under the general rule. See *Heffron* v. *Daly*, 133 Mich. 615. The case was followed in *Union Trust Co.* v. *Preston Nat. Bank*, 136 Mich. 460. A lengthy note to the Washington case of *Edison General Electric Co.* v. *Navigation Co.*, reported in 24 L. R. A. 315 (8 Wash. 370), cites many authorities in support of the doctrine laid

down in the *Heffron Case*.   Recent cases are cited in 3 Current Law, p. 817, and note.   See, also, *Aspell* v. *Hosbein*, 98 Mich. 117; *Pillen* v. *Erickson*, 125 Mich. 68; *Clark* v. *Kent Circuit Judge*, 125 Mich. 454; *American Ins. Co.* v. *Stoy*, 41 Mich. 396.

This was a prohibited contract and under the authorities cited cannot be enforced, unless, as counsel contend, Act No. 206, Pub. Acts 1901, has changed the rule.   Section 1 of said act provides that it shall be unlawful for a foreign corporation to carry on business in this State, unless it shall first have filed or recorded a certified copy of its charter or articles of association.   Said section provided further that:

"No foreign corporation, subject to the provisions of this act, shall maintain any action in this State upon any contract made by it in this State after the taking effect of this act, until it shall have fully complied with the requirements of this act, and procured a certificate to that effect from the secretary of State."

We are of the opinion that counsel's contention must prevail, if we are to give any effect to the words "until it shall have fully complied with the requirements of this act," and that the language indicates an intention that the contract should not be void, but that the right of enforcement by the corporation is prohibited until it complies with the act.

The judgment is reversed, and a new trial ordered.

McALVAY, GRANT, and MOORE, JJ., concurred. OSTRANDER, J., concurred in the result.