PEOPLE v. CRUCIBLE STEEL CO. OF AMERICA.

1. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS WITHOUT ADMISSION—PENALTY—STATUTE—AMENDMENT—EFFECT.
   Act No. 310, Pub. Acts 1907, amending Act No. 206, Pub. Acts 1901, as amended, providing the terms upon which foreign corporations may be admitted to do business in this State, and providing a penalty for noncompliance, by dividing the amended act into sections and retaining the phraseology of that part of the act fixing the penalty, by which the penalty is prescribed for violations of "this section," repeals the penalty as to violations of other sections of the act, and puts an end to suits previously brought thereunder.

2. STATUTES—CONSTRUCTION—AMBIGUITY.
   Where the language of a statute is plain and unambiguous as it reads, the courts are not authorized to change its meaning by substituting another word for the one the legislature used.

Certiorari to Ingham; Wiest, J. Submitted November 15, 1907. (Docket No. 74.) Decided December 30, 1907.

Assumpsit by the People of the State of Michigan against the Crucible Steel Company of America for the amount of a statutory penalty. There was an order overruling a demurrer to the declaration, and defendant brings certiorari. Reversed, and demurrer sustained.

*H. M. & D. B. Duffield* (*C. A. Kent*, of counsel), for appellant.

*Thomas, Cummins & Nichols*, amici curiæ.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for the people.

MOORE, J. This is certiorari to review the action of the circuit judge in overruling a demurrer to a declaration filed as the commencement of a suit wherein the people of the State of Michigan are plaintiffs and the Crucible Steel Company of America is defendant.

In the declaration is the following:

"Wherefore the said defendant became and is indebted. to the plaintiff in the penalty of one thousand dollars per month prescribed by said section 1 of Act No. 206 of the Public Acts of 1901, amended as aforesaid, for each and every month during which it continued to carry on business in Michigan, as aforesaid, without complying with said section, which said penalty amounted, on the twenty-ninth day of October, 1906, to the sum of, to wit, sixty-one thousand dollars ($61,000), and being so indebted, the said defendant then and there undertook and promised to pay said penalty; yet the defendant, although often requested so to do, has not paid said penalty or any part thereof to said plaintiffs, but has neglected and refused, and still neglects and refuses, to make such payment, all to the damage of the plaintiffs," etc.

Several reasons are given in the demurrer, but in our view of the case it will be unnecessary to discuss them, as it is conceded that the case must be controlled by the provisions of Act No. 310, Public Acts of 1907. The question, then, is whether said act operates as a repeal of the provision for penalties for which the suit is brought. This

act was passed after the case was submitted in the court below, but counsel are all agreed that the case ought to be disposed of as though that question was raised by the demurrer. Section 5 of this act reads as follows:

" Every corporation which has paid a franchise fee and been admitted to do business in this State, which shall thereafter increase its authorized capital, or shall increase the proportion of its capital stock represented by property used and business done in Michigan, shall within thirty days after such increase file an additional statement with the secretary of State and pay an additional franchise fee of one-half of one mill on each dollar of the amount of increase of its capital stock represented by property owned and business done in Michigan. And any such corporation shall at any time when requested by the secretary of State file an additional statement, under oath, of at least two of its officers, showing the proportion of its property used and business transacted in Michigan. Every corporation subject to the provisions of this section which shall neglect or fail to comply with its requirements shall be subject to a penalty of not less than one hundred dollars nor more than one thousand dollars for every month which it continues to transact business in Michigan without complying with the requirements of this section, to be recovered by action in the name of the people of the State of Michigan in any court of competent jurisdiction."

Section 6 makes a foreign corporation incapable of making valid contracts in the State " until it shall have fully complied with the requirements of this act, and at the time holds an unrevoked certificate to that effect from the secretary of State."

Section 7 makes it unlawful for any person to act as an agent for a foreign corporation not authorized to do business in this State and inflicts heavy penalties for a violation of the provision. The last two sections are not in the prior act. No mention is made of penalties in any other part of the act. The penalties for which suit is brought are provided for in section 1, Act No. 206, Pub. Acts 1901, as amended by Act No. 34, Pub. Acts 1903, the material parts of which read as follows:

" SECTION 1. It shall be unlawful for any corporation organized under the laws of any State of the United States (except the State of Michigan) or of any foreign country, to carry on its business in this State, unless it shall first have filed and recorded, in the office of the secretary of State, a certified copy of its charter, or articles of incorporation, and have filed evidence of appointment of an agent in this State to accept service of process and have paid to the secretary of State the requisite filing and recording fees and franchise fees in amount and to be determined as follows: Such corporation, by its president, secretary, treasurer and superintendent, or any two of them, shall make and file with the secretary of State a statement duly sworn to by at least two of such officers, in such form as the secretary of State may prescribe, containing the following facts:   *   *   *

" Every corporation which has paid a franchise fee and been admitted to do business in this State, which shall thereafter increase its authorized capital, or shall increase the proportion of its capital stock, represented by property used and business done in Michigan shall within thirty days after such increase file an additional statement with the secretary of State, and pay an additional fee one-half of one mill on each dollar of the amount of increase of its capital stock represented by property owned and business done in Michigan, and any such corporation shall, at any time when requested by the secretary of State, file an additional statement, under oath of at least two of its officers, showing the proportion of its property used and business transacted in Michigan.  Every corporation subject to the provisions of this section which shall neglect or fail to comply with its requirements, shall be subject to a penalty of one thousand dollars for every month that it continues to transact any business in Michigan, without complying with the requirements of this section, to be recovered by action in the name of the people of the State of Michigan in any court of competent jurisdiction."

It is the claim of the attorney general and we quote from the brief:

" Our contention is, however, that it is so perfectly clear from the reading of the act of 1907, especially with reference to the act which it amends, that it was the intention of the legislature to have the penalty provided in section five of the amended act apply to violations of the provis-

ions of the preceding sections, that the word section as used in section five must be held to mean act, or, to express it in another way, that the penal provision of the act of 1907 should be applied just as if the legislature had not divided the subject-matter of section one of the original act into five sections by the amendment. Any other construction than the above makes the act of 1907 a senseless mass of unenforceable provisions."

It is conceded that unless the word "section," in section 5 of Act No. 310, Pub. Acts 1907, can be construed as though it read "act," that this suit must fail. An inspection of Act No. 310 shows that its verbiage is not ambiguous. Upon its face it is full and complete. It is not for us to say the legislature intended the penalties provided in section 5 to apply to any and all violations of the provisions of the act, when the language is:

"Every corporation subject to the provisions of this section which shall neglect or fail to comply with its requirements, shall be subject to a penalty," etc.

We cannot assume the legislature made a mistake and used one word when it in fact intended to use another. The language of the statute is plain as it reads and we do not feel authorized to change its meaning by substituting another word for the one the legislature used. Endlich on Interpretation of Statutes, § 4; 23 Am. & Eng. Enc. Law (1st Ed.), p. 299; *Handy* v. *Township of Meridian*, 114 Mich. 454.

The judgment is reversed, and the demurrer sustained.

McALVAY, C. J., and CARPENTER, GRANT, and BLAIR, JJ., concurred.