DESPRES, BRIDGES & NOEL v. ZIERLEYN.

1. CONSTITUTIONAL LAW — COMMERCE — INTERSTATE COMMERCE — FOREIGN CORPORATIONS.

A foreign corporation is entitled to recover, without showing that it has complied with the statute regulating local business, for goods sent into the State upon orders given by mail at its business office located in the State of its residence, since they constituted interstate commerce. Act No. 206, Pub. Acts 1901; Act No. 34, Pub. Acts 1903; Act No. 310, Pub. Acts 1907.

2. SAME—FOREIGN CORPORATIONS—INTERSTATE COMMERCE.

The selling of jewelry by salesmen of a foreign corporation, who carry goods in trunks, and exhibit them to customers that select the goods from the stock carried, is not interstate commerce.

3. SAME—STATUTES.

Contracts so made are unenforceable under Act No. 34, Pub. Acts 1903, unless such corporation has complied with the regulations of the statute.

4. SAME—REPEAL OF STATUTE—CONTRACTS OF FOREIGN CORPORATIONS.

Nor did the amendment of the statute by Act No. 310, Pub. Acts 1907, so repeal the prohibition that contracts made during the time when the act of 1903 was in force could be en-

forced after the amendment; as the amendment is not a curative act, containing no repealing clause, and the provision in question was not in the nature of a penalty. BIRD, C. J., and HOOKER and BROOKE, JJ., dissenting.

5. SAME.

While contracts made in violation of law are void, where the legislature has imposed a penalty for the infraction of it, the penalty excludes any implication of an additional penalty.

6. PLEADING—DEFENSES—NOTICE—UNLAWFUL CONTRACTS.

The defense that a contract was in violation of the statute (2 Comp. Laws, § 5324) prohibiting the sale of goods by peddlers without a license, must be pleaded by a special notice under the general issue.

Error to the superior court of Grand Rapids; Stuart, J. Submitted June 23, 1910. (Docket No. 69.) Decided December 7, 1910.

Assumpsit by Despres, Bridges & Noel, a foreign corporation, against Antoni Zierleyn and Anthony B. Zierleyn for goods sold. Judgment for plaintiff and defendants bring error. Reversed.

*Dunham & Phelps*, for appellants.

*Bundy, Travis & Merrick*, for appellee.

BIRD, C. J. Plaintiff brought this suit in assumpsit, against the defendants, to recover upon a promissory note and an open account. The jury awarded plaintiff the full amount of its claim, and the defendants assign error.

The plaintiff is a foreign corporation and is engaged in the wholesale jewelry business in the city of Chicago. The defendants are retail dealers, doing business in the city of Grand Rapids, in this State. The defendants have been customers of the plaintiff for several years. Plaintiff's usual method of calling on its customers in Michigan, including the defendants, was for its agents to carry their stock in trunks and to allow their customers to select therefrom such goods as they desired, and deliver them

from the trunks.    In case the customers desired any goods
not carried in the trunks, their orders were taken and for-
warded to the Chicago house, and the goods were sent
from there direct to the customers.    At the time suit was
begun, defendants were owing plaintiff for 28 separate in-
voices of goods, aggregating the sum of $473.19.    These
invoices were furnished to the defendants between the 10th
day of July and the 25th day of November, 1907, and it
was claimed by plaintiff that all of the invoices, save one
of $360.79, were mail orders.    On February 17, 1908, a
30-day promissory note of $148.28 was given by the de-
fendants to apply on the invoices.    When the note became
due, suit was begun on it and on the open account.    A
bill of particulars was filed showing the said invoices and
the date of each item.

The defense made to this action was that the plaintiff was
a foreign corporation and that in disposing of these goods
it was doing business within the State of Michigan in vio-
lation of Act No. 34, Pub. Acts 1903, which required for-
eign corporations, as a condition precedent to maintaining
any 'action in this State, upon any contract, to file its
articles of association with the secretary of State and pay
its franchise fee.    And also that the plaintiff was doing busi-
ness in violation of Act No. 310, Public Acts 1907, which
superseded Act No. 34 and declared void all contracts of
a foreign corporation which were made prior to a compli-
ance therewith.    The jury found for the plaintiff in the
sum of $473.19; the same being the amount of its entire
claim.

Most of the assignments of error are based upon the fol-
lowing instructions to the jury:

" I instruct you that you may give a verdict for all of
the sales and amounts in the bill of particulars found to be
due up to September 28, 1907, which plaintiff claims
amounts to $412.81, and I do not recall that the items of
that bill of particulars were disputed, but that is a ques-
tion of fact for you to determine.    Now, after that date,
September 28th, there were a few other sales; little items

of $2, $3, $5, and $9, up to the last of November, amounting to some $60.38, that they would be entitled to recover for if they were orders sent to Chicago from home and the orders filled by sending the goods back from Chicago. That is what is called interstate commerce."

The court was right in charging the jury that the plaintiff would be entitled to recover for all goods that were ordered from the Chicago house, and sent from there to the defendants at Grand Rapids. That was clearly interstate commerce. *Coit & Co.* v. *Sutton*, 102 Mich. 324 (60 N. W. 690, 25 L. R. A. 819).

The court held that the balance of the bill, $412.81, which was contracted while Act No. 34 was in effect, was in violation of that act, but that a recovery could now be had because that act had been repealed and ceased to have any effect on the 28th day of September, 1907. We agree with the trial court in his view of the law that selling and delivering goods from trunks in the manner disclosed in this case was not interstate commerce. The selling of goods, as conducted by the plaintiff, was not the doing of a single act of business by a foreign corporation in the domestic State, because plaintiff was not only selling goods to defendants, but to other customers, and not once but several times a year. It was not the case of a foreign corporation shipping goods in an original package to the domestic State, because these goods were brought into the State in bulk, to be sold by its agents, in such quantities as the purchaser desired. It was not the case of a sale of goods by sample, in the domestic State, by a foreign corporation, through itinerant salesmen, because the goods were not only sold, but were delivered at the same time. It was not the case of a foreign corporation placing its goods in the hands of a local merchant, to be sold on commission; but it was a case of a foreign corporation coming into this State, by its agents, who brought with them a small stock of goods, with the expectation that their customers would purchase them. The goods were brought into the State in bulk and became a

part of the mass of the property of this State as soon as they arrived and were offered for sale. The exhibition of them, the offer to sell, the sale, and the delivery of the goods, all took place within this State. Tested by the rules by which it is usually determined whether commerce is interstate, none of them brings plaintiff's methods of selling goods within the protection of interstate commerce. *Emert* v. *Missouri*, 156 U. S. 296 (15 Sup. Ct. 367); *City of Muskegon* v. *Hanes*, 149 Mich. 460 (112 N. W. 1077); *People* v. *Smith*, 147 Mich. 391 (110 N. W. 1102); *City of Muskegon* v. *Zeeryp*, 134 Mich. 181 (96 N. W. 502).

Was plaintiff entitled to recover for goods sold in violation of Act No. 34, after that act was repealed? This depends upon the construction of the act. Act No. 34, Pub. Acts 1903, provided in part:

"No foreign corporation, subject to the provisions of this act, shall maintain any action in this State, upon any contract made by it in this State, after the taking effect of this act, until it shall have fully complied with the requirements of this act, and procured a certificate to that effect from the secretary of State."

Act No. 310, Pub. Acts 1907, provides, in part, as follows:

"No foreign corporation subject to the provisions of this act shall be capable of making a valid contract in this State until it shall have fully complied with the requirements of this act, and at the time hold an unrevoked certificate to that effect from the secretary of State."

The effect of Act No. 34 upon contracts made in violation thereof was considered in *Hastings Industrial Co.* v. *Moran*, 143 Mich. 679 (107 N. W. 706), and *Neyens* v. *Worthington*, 150 Mich. 580 (114 N. W. 404, 18 L. R. A. [N. S.] 142), and it is held in those cases that the contract was not void, but the right of enforcement was suspended until compliance with the act. If we say, as we must under the construction placed upon Act No. 34 by these cases, that the contract was not void, but the right of enforcement merely suspended, I think it follows

that, when that act was repealed, the plaintiff would have the same right to enforce the contract that it would have had if no such law had ever been passed. The repeal of the penalty imposed by the statute pardoned all past offenses against it. *Wharton* v. *State,* 45 Tenn. 1 ( 94 Am. Dec. 214). It would be different, however, under Act No. 310, which went into effect on September 28, 1907. Contracts made after that date would never have any validity, and there could be no recovery on them, unless they grew out of transactions which were interstate commerce. The court left it to the jury to determine whether the items which were purchased after Act No. 310 went into effect were mail orders, and, as the jury found for the plaintiff for the full amount of his claim, we must assume they so found. We think the court took the right view of the law, and there was no error in this instruction.

Counsel for appellant contend that, even though the penalty imposed by Act No. 34 has been repealed, the contract in question is void because Acts Nos. 34 and 310 declared unlawful the carrying on of business in this State by noncomplying foreign corporations. This claim is based upon the general rule of law that contracts made in violation of law are void. Counsel overlooks the exception to that rule, which provides that, where the legislature has imposed a penalty for the infraction of a statute, the penalty so provided is exclusive of any other; at least, no other can be implied. 13 Am. & Eng. Enc. Law, p. 876; *La France Fire Engine Co.* v. *Town of Mt. Vernon,* 9 Wash. 142 (37 Pac. 287, 38 Pac. 80, 43 Am. St. Rep. 827); *Toledo Tie & Lumber Co.* v. *Thomas,* 33 W. Va. 566 (11 S. E. 37, 25 Am. St. Rep. 925); 2 Morawetz on Corporations, §§ 662–666; *Clay, etc., Ins. Co.* v. *Manufacturing Co.,* 31 Mich. 346.

The trial court instructed the jury that the promissory note sued upon was void, and that no recovery could be had thereon, but that the consideration for the note was valid, and it should be treated as a part of the account, the same as though the note had never been given. We

see no error in this instruction. The consideration for the note passed to the defendants while Act No. 34 was in force, which permitted a valid contract to be made, while the note was not executed until after Act No. 310 had taken effect.

Appellants also insist that a verdict should have been directed for the defendants because the plaintiff was doing business contrary to section 5324, 2 Comp. Laws, which is known as the peddlers' law. The appellee makes the point that no notice of that defense was given in the pleadings. We are unable to find any in the record. That is a defense which would require a special plea or a notice under the general issue before it could be raised in the trial court. This was not given, and we do not think the question is properly before the court, and therefore shall refrain from discussing it.

The judgment of the trial court should be affirmed.

OSTRANDER, J. I concur in the opinion of the Chief Justice, except in the conclusion which he reaches with respect to the right of the plaintiff to recover for goods sold in violation of Act No. 206, Pub. Acts 1901, as amended by Act No. 34, Pub. Acts 1903 (later amended by Act No. 310, Pub. Acts 1907). These contracts were not enforceable, not because they were absolutely void, but because they were prohibited, and because the legislature had said they should not be enforced except upon a condition which the plaintiff has never performed. They were void so far as the right of the corporation to enforce them is concerned. *Clay, etc., Ins. Co.* v. *Manufacturing Co.*, 31 Mich. 346; *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (122 N. W. 640, 133 Am. St. Rep. 376); *Kuennan* v. *Fidelity & Guaranty Co.*, 159 Mich. 122 (123 N. W. 799). They were prohibited when made and are now. They were not enforceable by the offending corporation when made and are not now, unless, as the Chief Justice finds, the act of 1907, which affects only contracts thereafter made, by omitting the provision for enforce-

ment upon condition and supplying something in its place, has validated them. In terms the act of 1907 is clearly not a curative act with respect to existing but prohibited contracts. The act contains no repealing clause. And the denial of the right to enforce contracts contained in the acts of 1901 and 1903 is not a penalty. Each act expressly provides a penalty for its violation, and these penal provisions were considered in *People* v. *Steel Co.*, 150 Mich. 563 (114 N. W. 350). Treating the disability to enforce as a penalty, there is no reason for saying that it was removed by an amendment, prospective in its operation, which denies the right of nonconforming corporations to make a valid contract in the State.

The court below was in error in permitting a recovery for any goods sold in violation of the statute, and the judgment must be reversed, with the right to a new trial.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred with OSTRANDER, J.

HOOKER, J. I concur with the Chief Justice. Without questioning the general rule that a contract, the making of which is prohibited by law, is void, and cannot be made valid by subsequent legislation merely, I am of the opinion that the rule does not apply to contracts made in violation of the provisions of Act No. 34, Pub. Acts 1903, for the reason that a proper construction of that act justifies the inference that the legislature intended that such contracts should not be void, but only that a right to enforce the same should be suspended, so far as the offending corporation is concerned. This question was discussed, and so held, in *Hastings Industrial Co.* v. *Moran*, 143 Mich. 679 (107 N. W. 706). It will be noticed that, under this construction, there is no impediment to an action against a corporation, on such a contract, by the other party, which there would be if such contract were to be held null and void. Such a holding would not only be inconsistent with such a recovery, but it would render the provision against maintaining an action until articles

should be filed and the fee paid, etc., superfluous. We must assume that it was intended to give a corporation a right to maintain an action upon such a contract after compliance with the law, and we are convinced that the design was not to embarrass parties who should deal with such corporations in ignorance of their failure to comply with the law, in relation to their right to do business in this State. Any other rule would make it necessary for all persons to ascertain about this, before contracting.

The argument may be made that Act No. 34 prescribed the only condition upon which a corporation may be allowed to recover. This might be true were we to hold the contract void. Under the construction herein adopted, this is not the case. The contract is always valid, and one party is in no way denied relief upon it at any time; the other is until compliance with the conditions imposed. By the amendment (Act No. 310, Pub. Acts 1903) the restriction contained in Act No. 34 was removed; the provision under discussion being omitted from the amended section. There is now no impediment to an action, as the provisions of Act No. 310 cannot apply to pre-existing contracts.

The judgment should be affirmed.

BROOKE, J., concurred with HOOKER, J.