HIGHLAND *v.* TOWNSHIP OF GARFIELD.

HIGHWAYS AND STREETS—DEFECTS IN ROADS—TOWNSHIPS — CON-
TRIBUTORY NEGLIGENCE.

> Whether plaintiff was guilty of contributory negligence in
> attempting to return home from market in the evening along
> a road which was dangerously narrow and slippery with
> recent rains, as he knew, where his wagon slid into the
> ditch, injuring his horse, was a question for the jury.[1]

Error to Mackinac; Shepherd, J. Submitted Novem-
ber 13, 1911. (Docket No. 95.) Decided March 12,
1912.

Case by James Highland against the township of Gar-
field for injuries to plaintiff's horse resulting from a de-
fective condition of the highway. Judgment for plain-
tiff. Defendant brings error. Affirmed.

*Henry Hoffman,* for appellant.

*James J. Brown,* for appellee.

McALVAY, J. Plaintiff recovered a judgment in this
case against defendant township in an action for damages
on account of the loss of a horse, caused, as is claimed, by
the negligence of the township in not maintaining a certain
highway within its limits in reasonable repair, and in a
condition reasonably safe and fit for travel. Defendant
offered no witnesses, and at the close of the proofs in the
case moved for an instructed verdict on the ground of
contributory negligence of plaintiff. This motion was
denied. Error is assigned upon such refusal, and this is
the only question discussed on the part of defendant and
appellant.

[1] Contributory negligence as affecting liability of municipal cor-
poration for defects and obstructions in street, see note in 21 L. R.
A. (N. S.) 614.

The material facts are that plaintiff has resided in the township for 16 years. This highway, known as the "Newberry road," is the main traveled road between Engadine and Newberry, and necessary to be used by plaintiff in going from Donald, the name of the post office near which he lives, to Newberry. This road runs north and south, and plaintiff travels upon it from his home north to reach Newberry. There are hills on this road known as "Eckley Hills," over which it passes. On the east side of the track on the first hill going north is a ditch downhill, the upper portion of which is filled with stone, and the lower part open, which, crowding to the west, encroaches upon the track. It is from a foot to 18 inches wide, and from 8 to 18 inches deep. There were no drains constructed to carry off the rainfall upon the hill, and this one was cut by the water running downhill. The soil is red clay, and recent rains had made the hill slippery. The ditch at the place where the accident occurred runs about in the center of the track, leaving a space on the west side of it of eight or nine feet between it and the embankment on the west side of the road, and side of the hill. It is necessary to go upon this eight or nine feet and pass along in order to avoid getting into the ditch.

On the morning of October 26, 1910, the plaintiff started from home early, driving his team with an empty wagon, bound for Newberry for the purpose of obtaining a load of grain. He came down this hill with care, avoiding this ditch, and, after he had arrived at the foot of the hill, left his team, and went back, as he testified—

"And examined it to see how I was going to get back by it at night, and whether I had better turn back home, and I made up my mind by going to the west as close as I could to the embankment, if the wagon stayed there, that I could go by, keeping as tight to the west side of the road as I could."

He proceeded to Newberry, got his load, and started on his return home at 3 o'clock in the afternoon. He arrived at this hill about 9 o'clock. It was very dark, and, when

he came to this place, he got off the wagon, and felt with his feet on the west side to know how close he was to the west side of the cut in order to keep clear of the ditch. He says:

"This turn was the only turn to use. It was the beaten track that had been made by teams passing this ditch."

He then mounted his wagon, and drove about two wagon lengths. The ground was sloping and the wagon slipped sideways into the ditch, throwing the horse and injuring it so severely that it became worthless. Plaintiff had gone over this hill several times that season, and knew its condition. He and other witnesses say that it was unsafe and dangerous. He had no lantern with him that night. The record shows that the road had been in this condition from one to three years, of which the authorities had actual notice. The dangerous conditions were during the break-up in the spring and after considerable rains. It was used by the public at all seasons, and for the most of the time was in a reasonably passable condition.

Appellant contends that the case is controlled by *Black* v. *City of Manistee*, 107 Mich. 60 (64 N. W. 868); *Church* v. *Village of Howard City*, 111 Mich. 298 (69 N. W. 651, 66 Am. St. Rep. 396), and like decisions. We think that the instant case is distinguishable from that line of cases. In the first case cited plaintiff was perfectly familiar with conditions. She saw the icy sidewalk, and knew that it was dangerous, yet she proceeded without using any care whatever, refusing and neglecting to take hold of the handrail, and the court says:

"It was not a case where to proceed was the only alternative."

In other words, she made no attempt to avoid injury. In the second case cited, *supra*, the court said:

"The case is ruled by *Black* v. *City of Manistee*, 107 Mich. 60 [64 N. W. 868]. In that case plaintiff neglected to guide herself by the handrail when passing over an icy sidewalk."

The learned trial judge held that it could not be said as a matter of law that plaintiff was guilty of contributory negligence, and submitted the case to the jury under a charge upon which no specific error has been assigned by appellant. By this charge the question of contributory negligence of plaintiff was submitted to the jury as a question of fact. Upon this record our opinion is that the court was not in error in refusing to instruct a verdict for appellant. The case is within the line of cases where this court has held against the contention of appellant. *Harris* v. *Township of Clinton*, 64 Mich. 447 (31 N. W. 425, 8 Am. St. Rep. 842); *Schwingschlegl* v. *City of Monroe*, 113 Mich. 683 (72 N. W. 7); *Handy* v. *Township of Meridian*, 114 Mich. 454 (72 N. W. 251); *Gage* v. *Township of Pittsfield*, 120 Mich. 436 (79 N. W. 687).

The judgment of the circuit court is affirmed.

STEERE, BLAIR, STONE, and OSTRANDER, JJ., concurred.