## Mark McGraw v. Thomas Sturgeon.

*Goods sold and delivered: Measurement: Special contract: Custom: Evidence.*
Where, in an action for the price of wood sold and delivered, there is no dis-
pute that there was a specific agreement as to the measurement, but there is
conflict as to its terms, the exclusion of evidence of a custom in buying wood
in regard to measurement is not error.

*Evidence: Cross-examination: Probabilities: Witness' knowledge.* On cross-
examination of a witness who had sworn that none of the wood had been sold
and removed before the delivery and measurement had been completed, it was
competent to inquire whether it was not common for persons to come there
and buy wood by the pile and haul it away themselves, since it bore somewhat
on the probabilities, as well as upon the knowledge of the witness as to what
occurred there during the time of the unloading.

*Goods sold and delivered: Contract: Common counts: Evidence.* Where a con-
tract for the sale and delivery of goods has been completely performed, the
price may be recovered under the common counts in *assumpsit*, and the whole
contract will be open to proof under them.

*Practice: Striking out evidence: Restoring it: Instruction to the jury.* Where
evidence which has been fully heard by the jury has been ordered stricken out
after both parties have exhausted their proofs on the point, it is not error to
restore it again, provided the evidence was competent; and this would be the
effect of an instruction to the jury that the point at which such evidence was
directed was a material one for them to determine.

*Goods sold and delivered: Contract: Common counts: Value: Evidence.* A de-
fendant sued on the common counts for the price of wood sold and delivered
to him under a special contract, cannot complain of the reception of evidence
of value when he has opened the door himself and where the verdict does not
exceed the contract price.

*Justice's court: Jury trial: Disagreement: Jury fees: Second jury: Statute
construed.* One who has demanded a jury in justice's court and paid their fees,
has no right, because the first jury disagreed on the trial, to insist upon a trial
by another jury without advancing an additional jury fee; the provision of
the statute for summoning a second jury "*as hereinbefore directed,*" is held to
include the conditions prescribed thereinbefore, one of which is the payment
of the fees.

MᴄGʀᴀᴡ *v.* Sᴛᴜʀɢᴇᴏɴ.

*Justice's courts: Jury: Special appeal.* The action of the justice in refusing in such case to summon a second jury and in proceeding *ex parte* to hear and determine the case without a jury, cannot be reviewed by special appeal.

*Heard May 12. Decided July 8.*

Error to Wayne Circuit.

*B. T. Prentis* submitted a brief for plaintiff in error.

*A. F. Wilcox,* for defendant in error.

CAMPBELL, J.

This was an action of assumpsit for the price or value of certain wood sold by Sturgeon to McGraw. It was brought before a justice of the peace, and removed by McGraw to the circuit by special appeal, and judgment there given, as it had been below, for Sturgeon.

The errors alleged apply in part to rulings on the trial, and in part to questions of jurisdiction.

Both parties testified to a specific contract for the sale of the wood at given prices. They did not agree as to the terms of measurement. The defendant below being on the stand, the court refused to allow him to testify what the custom was in buying wood in regard to measurement, whether by shipping-bill measurement or actual measurement. But as there was no dispute but that there was a specific agreement, the custom, if there was one, was of no consequence.

A dispute of fact seems to have arisen in the case as to whether some of the wood had not been sold and removed before the delivery and measurement had been completed. One Brossard having been examined at large for McGraw, had sworn that none had been so removed. He was asked on cross-examination whether it was not common for persons to come there and buy wood by the pile and haul it away themselves. This was objected to, but admitted.

We think it proper cross-examination. It bore somewhat on the probabilities, and there was room in such a

controversy to question whether the witness might or might not have known all that occurred during the time of the unloading.

The plaintiff below swore that the wood was to be taken at the bill measurement. The defendant below swore that it was to be taken at actual measurement. In submitting the case to the jury the court told them this was the first question. to be settled. This was excepted to, and the ground of error now alleged is that the court had before ordered all evidence concerning the contract to be stricken out, except on the question of value, and that therefore there was nothing before the jury as to measurement.

The record is obscure as to just what was meant by the court in declaring that proof stricken out. But it had been heard fully by the jury, and if it was proper to be considered, there was no difficulty in getting, at it.

We can see no reason for excluding it. The contract had been completely performed, and the price earned, whatever it was, and however calculated. The common counts were proper for the recovery of such a claim, and the whole contract was open to proof under them. The charge was correct, and if we are to suppose the court really meant to withdraw the evidence before, it was quite proper to restore it. Both parties had exhausted their proofs on this point before they were ruled out.

Upon the other questions as to value, it is enough to say, that a party cannot complain of the reception of evidence of value, when he has opened the door himself, and when the verdict did not exceed the contract price.

The principal argument was made on the question of jurisdiction. The case was once tried before the justice by jury, who disagreed. McGraw demanded a second jury, but refused to pay the fees, and the justice declined to have one summoned without. McGraw refused to attend the trial without a jury, and the case was therefore tried *ex parte.* In the appeal affidavit these facts were set out as special grounds of appeal. The circuit court refused to sustain

these objections, and the case was tried there by a jury, who agreed upon a verdict.

The statute gives a certain fee to every juror "*sworn*" in a cause (*C. L.*, § *7450*), to be paid in the first instance by the party requiring such jury. A jury is waived unless demanded as prescribed by law.—*Const., Art. VI.*, § *27*. The justice's act requires payment of jury fees to be made in advance.—*Comp. L.*, § *5351*. If the jury are discharged for disagreement, a new one is to be selected and summoned "as hereinbefore directed, within forty-eight hours, unless the parties agree upon a longer time, or consent that the justice may render judgment, on the evidence already before him, which, in such case, he may do."—*Comp. L.*, § *5370*.

The jurors are not liable to serve without pay. The statute is express that every juror who is *sworn* shall have his fees. It would be a monstrous thing to compel jurors to an agreement by a mercenary inducement, and the law does not authorize this. The statute is equally clear that the fees are to be advanced by the party demanding the jury.—§ *7450*. The jury summons is only to be issued upon payment of the fees to the justice.—§ *5353*. The prevailing party loses nothing in the end by this, as the jury fees are not included in the fixed sum to which his costs are limited.—§ *5375*; *Overpack v. Ruggles, 27 Mich. R., 65*. There is no way to harmonize the various statutory provisions, without requiring the fees of every jury to be paid in advance. The provisions for summoning a second jury "*as hereinbefore directed*," must be held to include the conditions prescribed thereinbefore, and those included the payment of the fees.

We have disposed of this question, as it seems to be one of considerable practical importance, and directly presented on the argument. The court below, however, held the objection could not be raised on appeal.

It is certainly a very curious state of the law, if a party who has tried his case in a circuit before a jury, and

been defeated, can avoid the effect of that verdict by showing that he was unjustly deprived of a trial by jury before the justice. It is not to be denied that the statute concerning special appeals is very loose, and that the phrase "*any objections to the process, pleadings or other proceedings, and the decision of the justice thereon, which would not be allowed to be made on the trial of the appeal,*" is broad enough to cover almost any thing done by the justice, at any stage of the cause, and yet it cannot possibly bear that construction. It cannot, for example, be made to cover rulings during a trial, or concerning the summoning or swearing of witnesses. The evident purpose of an appeal, is, usually at least, to have a judgment, either as the result of a trial, or upon defects or proceedings in the record, which preclude the right of one party or the other to any further hearing. And the cases before us heretofore have been cases where there either was an original failure of jurisdiction, or a lack of jurisdiction to proceed at the time, which rendered the whole judgment void, even without reversal, unless waived by an appearance or other sufficient act.— *Wright v. Russell, 19 Mich. R., 346 ; Brown v. Kelley, 20 Mich. R., 27.* And it was a matter of jurisdiction which was in question in *Chappee v. Thomas, 5 Mich., 53.*

In the provisions concerning proceedings on appeal, it is enacted that if the questions presented by the return *are not such as to require a trial by jury,* the court shall have power to examine and determine the same, and to give such judgment or make such order in the case as law and justice between the parties shall require.—§ *5447.* In case of issues of law, or of fact, the cause is to be tried with or without a jury, according as demanded.—§ *5448.*

Where an issue of fact is joined, law and justice require that it shall be tried. If the party has been aggrieved by not having a jury, the remedy would seem to be to give him a jury. There must either be a remitter to the justice to have a new trial before him, or else a trial at the circuit. But § *5448* is express that issues of fact shall be

tried at the circuit, and the law nowhere provides any means of setting the justice in motion again after an appeal.

We think that the circuit court acted properly in deciding that the case was one for trial there, and that there is no error in the proceedings at the circuit.

The judgment must be affirmed, with costs.

The other Justices concurred.