## EPHRAIM K. ROBERTS v: HENRY TREMAYNE.

*Justice's court—Disagreement and discharge of jury in civil suit—Right of justice to fix time for retrial discussed—(See head-note 1)—If second jury is not demanded and fees paid, justice may try the case—How. Stat. sec. 6935—In so far as it limits the time for selecting and summoning new jury to forty-eight hours—Applies only to cases where such jury has been properly demanded and their fees paid—When so demanded and fees paid, justice cannot try case.*

1. On the trial of a civil suit in justice's court the jury—demanded by the defendant—disagreed, and were discharged, whereupon *he* left the court-room, and was thereafter represented by *his* attorney. The attorneys for the parties failed to agree on a time for a retrial, and pending the discussion of the question, and without waiting for the court to pass thereon, defendant's attorney left the court-room, and the justice, in his and defendant's absence, adjourned the case until the following day, at ten o'clock A. M., for such retrial, notice of

which action was given to defendant's attorney at about the adjourned hour, who soon after came into the justice's office—plaintiff and his attorney being absent—and stated to the justice that his client was absent in Detroit and was not ready f or trial, and that neither he nor his said attorney should appear further in the case. No application was made or cause shown by defendant or his attorney, after the discharge of the jury, for an adjournment, and the justice, after waiting one hour, proceeded to try the case without a *second* jury, no demand having been made by defendant nor fees paid therefor.

*Held*, that the action of the justice must be sustained; that the failure of defendant to demand a *second* jury and pay the fees required by law was a waiver of the right to a jury trial, and authorized the justice to try the case. *McGraw v. Sturgeon*, 29 Mich. 429; *Boatz v. Berg*, 51 Id. 9–11.

2. How. Stat. § 6935, in so far as it limits the time for the selection and summoning of a *new* jury to forty-eight hours, unless the parties agree to a shorter time, applies only to cases where *such* jury has been properly demanded and the statutory fees paid.

Error to Ionia. (Smith, J.) Argued April 23, 1886. Decided April 29, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion, and in head-note 1.

*C. K. Calkins*, for appellant.

*Webster & Millard*, for plaintiff :

A party who has demanded a jury in justice's court and paid the statutory fees cannot insist upon a *second* jury, in case of the disagreement and discharge of the first, without prepaying their fees: *McGraw v. Sturgeon*, 29 Mich. 426–9. Had such a course been pursued by defendant his subsequent absence would not have waived the right thus secured to a jury trial: *Boatz v. Berg*, 51 Id. 9–11; but parties are deemed to waive such right unless demand is made as provided by law: Const. Art. 6, § 27.

SHERWOOD, J. This cause was brought in justice's court. It is assumpsit upon a promissory note.

To the declaration the defendant pleaded the general issue. A trial was had before the justice, by jury, and the jury failed to agree, and were discharged by the justice. The parties failed to agree upon a time for another trial, and the

court adjourned the case for trial until the following day, at 10 o'clock A. M., and caused the defendant to be notified of the time of trial.

It further appears that it was 6 o'clock P. M. when the jury was discharged and the cause was set for trial; that about the hour to which the cause was adjourned for the second trial the defendant's attorney came into court, and informed the justice that his client had gone to Detroit, and that neither he nor the defendant would be ready for trial, and neither would appear further in the case; that no motion was made for a continuance by the defendant or his counsel, nor request made that the second trial should be by jury, and no jury fee was paid or tendered for that purpose; that after waiting an hour after the time had arrived for the second trial, the plaintiff appeared, and by his attorney asked that the trial proceed.

The cause was then tried before the justice without a jury, and resulted in judgment for the plaintiff. The cause was then removed into the circuit court for the county of Ionia, by writ of *certiorari*, and upon the hearing Judge Smith affirmed the judgment of the justice. The case is now before us on error.

The alleged errors are—

1. The justice failed to fix the time for retrial, before the defendant and his attorney left the court-room.

2. Sufficient length of time of notice for second trial was not given defendant before the trial was had.

3. The cause was tried the last time without a jury.

4. Forty-eight hours should have been allowed to elapse before trying the cause the second time.

The statute relied upon reads as follows:

"Whenever a justice shall be satisfied that a jury sworn in any cause before him cannot agree on their verdict, after having been out a reasonable time, he may discharge them; and thereupon a new jury shall be selected and summoned as hereinbefore directed, within forty-eight hours, unless the parties agree upon a longer time, or consent that the justice may render judgment on the evidence already before him, which, in such case, he may do."[1]

_____

[1] How. Stat. § 6935.

The record shows that the defendant and his attorney made no application to fix a different time from the one fixed upon by the justice to retry said cause, and left the room before the court had time to determine the matter.

It does not appear that want of earlier notice of the time appointed for the second trial was complained of before the justice by defendant's attorney, or that any effort was made by him to avoid injury which might occur to defendant by having the cause then tried.

The third ground of error is untenable. The defendant had neither demanded a jury nor paid the fees for one. This question has been before this Court before. *McGraw v. Sturgeon*, 29 Mich. 429; *Boatz v. Berg*, 51 Mich. 9–11.

Upon the fourth ground of error assigned we need only refer to the statute.[1] It is only when a jury has been properly demanded, and the party is entitled to have the cause tried by such jury, in cases where the parties fail to agree as to the time for trial, when the statute fixes the time within which the jury should be summoned. The record presents no such case.

We are unable to sustain any of the errors assigned upon this record, and the judgment must be affirmed.

The other Justices concurred.