## TAYLOR-WOOLFENDEN CO. *v.* ATKINSON.

127    633
154    ³624

1. HUSBAND AND WIFE—NECESSARIES—LIABILITY OF HUSBAND—EVIDENCE.

   Where, in an action for the price of clothing purchased by defendant's wife for the use of herself and children, the only testimony on the question of whether defendant furnished his wife with necessaries was that of himself to the effect that, during the 18 months covered by the account in suit, he gave her $1,180 in cash for the purchase of clothing for herself and children; that she had a weekly allowance for the purpose, which he overpaid; and that his income did not exceed $5,000 a year,—there was nothing having any tendency to establish a right on the part of the wife to bind defendant for necessaries, and it was error to submit the question to the jury.

2. SAME—GOODS PURCHASED BY WIFE—EXPRESS AUTHORITY TO BIND HUSBAND—QUESTION FOR JURY.

   In an action to recover for goods purchased by defendant's wife, testimony that defendant had instructed plaintiff not to give his wife credit, and afterwards, prior to the running of the bill in suit, informed plaintiff that "the matter had been fixed up," and that "it was all right," was sufficient to justify the submission to the jury of the question whether plaintiff was expressly authorized to sell goods to defendant's wife on his credit.

3. SAME—BOOKS OF ACCOUNT.

   The fact that goods sold to a married woman are charged to her on the books of the seller is not conclusive that they were sold on her credit, rather than that of her husband.

4. SALE—BOOKS OF ACCOUNT—EVIDENCE.

> Where, in an action for goods sold, the plaintiff showed that the entries in his ledger were made from slips, made out in duplicate by the clerks who made the sales, one of which was sent to the bundle counter and the other to the bookkeeper, and that the slips representing the account in question had been destroyed, it was necessary for the plaintiff to go further, and prove that no entries were made in the ledger except from the slips, that no such slips were sent to the bookkeeper except when the goods, accompanied by a duplicate slip, were sent to the bundle counter, and that all goods sent to the bundle counter were delivered, in order to render the ledger admissible in evidence.

Error to Wayne; Lillibridge, J. Submitted January 10, 1901. Decided July 19, 1901.

*Assumpsit* by the Taylor-Woolfenden Company against James J. Atkinson for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Reversed.

*Atkinson & Atkinson*, for appellant.

*Frederic T. Harward* (*Chamberlain & Guise*, of counsel), for appellee.

MONTGOMERY, C. J. Action for the price of goods claimed to have been purchased by defendant's wife on his credit.

1. The court submitted to the jury the question of whether the goods were necessaries, and, if so, whether defendant's wife had a right to bind him for them because of a failure on his part to furnish her with necessaries, or with the money with which to purchase them. The only testimony on the question of whether defendant furnished his wife with necessaries was his own testimony on cross-examination, to the effect that, during the 18 months covered by this account, he furnished his wife with $1,180 in cash for the purchase of clothing for herself and children (which is the class of goods here in question); that she had a weekly allowance for the purpose, which he paid and overpaid;

that he had always had trouble with her about running bills without his consent; and that his income did not exceed $5,000 per annum. We think this had no tendency to show such a state of facts as would give defendant's wife the right to bind him for necessaries, and that the question should not have gone to the jury.

2. It is urged that a verdict should have been directed for defendant, on the ground that there was no testimony that defendant's wife had the right to act for him. There was testimony that defendant had gone to Mr. Taylor, plaintiff's "credit man," and asked him not to give defendant's wife credit, and that defendant afterwards, and prior to the running of the bill here in suit, went to Mr. Taylor, and told him that "the matter had been fixed up;" that "it was all right." The construction of oral language is for the jury, and we think a jury would be justified in inferring from this that there was express authority for plaintiff to sell goods to defendant's wife on his credit. It is difficult to conceive why defendant should object to plaintiff's giving credit to defendant's wife individually. It is for the jury to say whether he intended to charge himself by this language. It is true that the goods were charged to Mrs. Atkinson, but there was testimony that, in all cases where the customers of plaintiff were married women, the plaintiff charged the goods to them, and not to their husbands. "The fact that the goods are charged on the books of the seller to the person to whom they were delivered is not conclusive that they were sold upon his credit." *Larson* v. *Jensen*, 53 Mich., at page 430 (19 N. W., at page 131), citing numerous cases.

3. Plaintiff's ledger was introduced to prove the account. It was first shown that the entries in the ledger were made from slips, made out in duplicate by the clerks who made the sales, and one of them sent to the bundle counter, and the other to the bookkeeper. Hence it appears that delivery was not a prerequisite to the entry of the items on the ledger. It was shown that these slips were destroyed periodically, because of their bulk, and that those repre-

senting this account had been destroyed. In view of a retrial, it is proper to say that, under the rule in *Swan* v. *Thurman*, 112 Mich. 419 (70 N. W. 1023), plaintiff would be required to prove, to the satisfaction of the jury, that no entries were made except from the slips; that no such slips were sent to the bookkeeper except when the goods, accompanied by a duplicate slip, were sent to the bundle counter; and that all goods sent to the bundle counter were delivered. The original slips are not indispensable.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.