KUENNAN *v.* UNITED STATES FIDELITY & GUARANTY CO.

1. EVIDENCE — BOOKS OF ACCOUNT — PERFORMANCE OF CONTRACT.
The plaintiff's books of account showing the number of loads of material furnished under a contract to deliver sand and gravel for the construction of a public sewer, are admissible in evidence to show the number of loads delivered when they are supported by further testimony showing their correctness, in an action against the surety on the statutory bond to protect materialmen.

2. MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — BONDS —
PUBLIC BUILDINGS AND WORKS.
A contract is executed for public works within the meaning of

3 Comp. Laws, § 10743 when a construction company submits a proposal which is accepted and the work completed upon the giving of statutory bonds for the performance of the work and payment for materials and labor, although no formal contract was executed.

3. SAME—PUBLIC OFFICERS—CONSTRUCTION BONDS.
   It is the duty of public officials of a municipal corporation to secure a compliance with the statute governing the construction of public buildings and works.

4. CORPORATIONS — FOREIGN CORPORATIONS — VALIDITY OF CONTRACTS.
   A surety is liable on its bond for the construction of a public work where the contractor, a foreign corporation, which has omitted to comply with the requirements of statute for the carrying on of business within the State, fails to pay for material furnished.

5. SAME—FOREIGN CORPORATIONS — ESTOPPEL TO DISPUTE VALIDITY OF CONTRACTS.
   A foreign corporation engaged in business in Michigan is estopped to dispute the validity of its contracts for non-compliance with the statute regulating the transaction of local business. Act No. 34, Pub. Acts 1903.

6. SAME—VALIDITY OF CONTRACTS.
   Such contracts are not void, but merely unenforceable by the foreign corporation until it complies with the statute.

Error to Kent; McDonald, J. Submitted October 22, 1909. (Docket No. 19.) Decided December 10, 1909.

Assumpsit by Frederick W. Kuennan against the United States Fidelity & Guaranty Company and the National Construction Company on a statutory bond. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant the United States Fidelity & Guaranty Company on writ of error. Affirmed.

*Judah, Willard, Wolf & Reichmann* and *Bundy, Travis & Merrick,* for appellant.

*Thomas P. Bradfield,* for appellee.

OSTRANDER, J. This is a suit brought to recover the price and value of materials used in building a public

work, namely, in the construction of a sewer in the city of Grand Rapids by the defendant National Construction Company. The bond, specially counted on in the declaration, is the statute bond (3 Comp. Laws, §§ 10743–10745), and was made in August, 1905. The defendant National Construction Company was not served with process and did not appear. There was testimony tending to prove that service of process could not be made upon it within the State. Verdict for the plaintiff against the defendant surety company was entered by direction, and judgment followed the verdict. The contentions of appellant are: (1) That the court was in error in holding that the demand of the plaintiff against the construction company was proven. Involved in this is the question whether certain books of account kept by plaintiff should have been received in evidence. (2) It having been pleaded and admitted that the defendant construction company is a foreign corporation which had not acquired the right to do business in this State, therefore its contract with the city is illegal and invalid; for which reason the collateral and dependent liability of the surety company, appellant, upon the bond in suit, cannot be enforced.

1. Plaintiff established his demand, by undisputed testimony, if his account was competent evidence of the quantity of material delivered to the contractor. His arrangement with the contractor required him to furnish all of the sand and bank gravel needed in the construction of the sewer. The price was agreed upon. The material was furnished, and all that was furnished was used. These facts were established without recourse to the account. There was no witness, who, without reference to the account, could testify to the number of loads of material which were furnished. The teamsters who delivered material when directed so to do were not called as witnesses nor was it shown that they could not be called. The account was made by the plaintiff on the evening of each day, from the report of his foreman.

The slips upon which the foreman kept his tally were destroyed daily.

Appellant relies upon the rule of *Jackson* v. *Evans*, 8 Mich. 476; *Swan* v. *Thurman*, 112 Mich. 416 (70 N. W. 1023); *Taylor-Woolfenden Co.* v. *Atkinson*, 127 Mich. 633 (87 N. W. 89). It would, of course, have been competent to prove by the teamsters that they delivered to the contractor all material which they were directed to deliver to him. And if such testimony had been produced, it is probable that no objection would have been made—none would have been proper—to admitting the account in evidence. There was testimony which, with inferences therefrom which it was proper for the court to draw, tended to prove that the account correctly tallied or numbered the loads of material which were furnished. The contractor —or its representative—said that it wanted gravel enough and did not want any left over. When material was needed it was ordered by messenger or by telephone. It was delivered, not at one point, but at different points along the line of the sewer where it was used. The teamsters were in the employ of plaintiff. As loads left the pit, they were directed by the foreman where to deliver the material and the loads were tallied. The foreman testified:

"I used to get my orders, and I used to have to send teams where the orders were to go. If I got an order to send to the Big Ditch [the sewer] I would send them over there. I kept track of the teams that went out on the different contracts, and when night came I would go into the house and give Mr. Kuennan the account and he would mark them off. * * * I know that when I would send a team to go to the Big Ditch they went right there. * * *"

Plaintiff testified:

"Every evening or in the morning the names were put on the slips where he [the foreman] was to send material. Frequently I went down to see if they had any material or were running out. When I went there I could see they were using our material. I used to go down once in

a while with this Heath, their superintendent, to check up once in a while, and he would ask me how many loads I had, and he would look up his."

It is a reasonable, if not necessary, inference from the testimony that the contractor kept account of the material delivered by plaintiff, and that the two accounts, when comparisons were made, agreed. Without questioning the rule that performance of a contract to deliver articles may not be proved by books of account, or the one that when goods are delivered by agents and entries in books are made from their memoranda, or statements, the agents or some one having knowledge must be called to prove delivery, we are of opinion that the spirit and reason of the rules were not violated in holding that the books of account were admissible in evidence. Practically, there was a single fact to be established by the account, and that one not whether plaintiff performed his agreement with the contractor, but how many loads of material were required to do it. This fact, from necessity, must be proven by some memorandum. The circumstantial evidence of the trustworthiness of the memorandum produced is so convincing that it would be unreasonable to doubt it.

2. The defendant construction company entered into contract relations with the city of Grand Rapids, the subject-matter thereof being the construction of a public work. Some reference is made to the fact that the construction company did not formally execute the written agreement. It did submit its proposal to do the work and it gave a bond conditioned for the performance of the work, in which reference is made to "the foregoing contract." It would appear from the printed record that the proposal, contract, and the bonds were so attached, and by references in each were so connected, as to constitute practically one complete transaction. The construction company entered upon the work and built the sewer under the contract. We hold there was a contract within the meaning of the statute presently to be referred to. It was the duty of the proper officials of the city to secure a

compliance with the provisions of the statute.   The statute is entitled:

"An act to insure payment of wages earned, and for materials used, in constructing, repairing, or ornamenting public buildings, and public works." [1]

What is required by the statute is "security by bond, for the payment by the contractor, and all subcontractors, for all  *  *  *  materials furnished.  *  *  *"  The bond in suit was tendered and was accepted.   By the terms of the statute:

" Such bond may be prosecuted, and recovery had, by any person, firm, or corporation, to whom any money shall be due and payable on account of having  *  *  * furnished any materials in the erection  *  *  *  of such building or works.  *  *  *"

The plaintiff is a person strictly within the provision of the statute above set out.   Appellant refuses to pay because, it says, its liability is dependent upon the validity of the contract made by the city and the contractor, and that the contract is invalid because the contractor, a foreign corporation, is not admitted—has no legal right—to do business within the State.   It is assumed that the appellant is organized for the purpose of furnishing the security demanded by the statute, charging and receiving a sufficient consideration for its undertaking.   It would seem that its legal liability to laborers and materialmen ought at least to be co-extensive with the legal liability of the contractor to the same men.   In its written undertaking are no conditions avoiding its liability excepting the one that the contractor itself pay such obligations as are due and payable.   It is not contended that the construction company is not under legal obligation to pay the plaintiff.   It had the benefit of plaintiff's material in the work.   I think decision might be safely rested here.   The same conclusion is arrived at, and for the same reason, when it is considered that the construction company is

---

[1] 3 Comp. Laws, § 10743.   See, also, Act No. 187, Pub. Acts 1905.

estopped to assert the invalidity of its contracts made in this State. *Showen* v. *Owens Co.*, 158 Mich. 321 (122 N. W. 640). Further than this, its contract with the city was not void. It could not be enforced by the construction company until it had complied with the statute. Act No. 34, Pub. Acts 1903; *Hastings Industrial Co.* v. *Moran*, 143 Mich. 679 (107 N. W. 706).

The judgment is affirmed.

GRANT, MONTGOMERY, MOORE, and MCALVAY, JJ., concurred.