GOLDBERG *v.* PARKER.

CORPORATIONS—FOREIGN CORPORATIONS—BANKRUPTCY—RECEIVERS—
CHATTEL MORTGAGES—ESTOPPEL.

> The receiver in bankruptcy of the property of a foreign cor-
> poration which is engaged in business in the State with-
> out compliance with the law relating to the transaction by
> foreign corporations of business within the State, is es-
> topped to raise the question of the invalidity of a mort-
> gage of corporate chattels in an action of replevin to
> recover such chattels, he having no greater rights than the
> corporation.

Case-made from Ontonagon; Cooper, J. Submitted
June 22, 1917. (Docket No. 128.) Decided Septem-
ber 27, 1917.

Replevin by Louis Goldberg, receiver of the Brule
Timber Company, a bankrupt, against John Parker.
Judgment for defendant. Plaintiff appeals. Affirmed.

*John Jones, C. W. Stilson,* and *B. M. Goldberg,* for
appellant.

*Van Slyck & Walsh,* for appellee.

STONE, J. This is an action of replevin for the al-
leged unlawful detention of "two dappled gray mares,
two horse collars, and part of one double harness."
The facts were all stipulated except the value of the
property. Four cases were instituted by the plaintiff
against different defendants, but they were all submit-
ted as one case upon the same statement of facts. The
finding of the court was as follows:

"It appears from the stipulated facts that the Brule
Timber Company, a Minnesota corporation, engaged
in business in the State of Michigan without ever hav-
ing complied with the laws of Michigan relative to

foreign corporations doing business in this State; that such company became indebted to Richard J. Kneebone in the sum of $2,500, and to secure the payment of such debt gave Mr. Kneebone (on May 25, 1915) a chattel mortgage covering the property involved in these cases. Later (and on June 30, 1916) the Brule Timber Company was adjudicated a bankrupt in the State of Minnesota by the Federal court. Kneebone took possession of the property involved in these suits, and these defendants held the property for him at the time the suits were started. Louis Goldberg was appointed receiver of the Brule Timber Company, and started these suits, as such receiver. The claim of the plaintiff is that the chattel mortgage is void because the Brule Timber Company was never authorized to do business in the State and could not make a valid contract in this State. It is conceded by the plaintiff that the corporation itself could not raise the question of the validity of the mortgage, because it could not take advantage of its own wrong, but plaintiff claims that, as the representative of the creditors of the corporation, he can do so. The creditors of the corporation necessarily secured the benefit of the indebtedness of the company to Mr. Kneebone. Twenty-five hundred dollars extended to the corporation would increase its assets to that extent, and therefore the creditors would benefit thereby in bankruptcy.

"The wrong of the Brule Timber Company therefore inured to the benefit of the creditors of such company, and they are not in any better position to take advantage of the wrong of the corporation than the corporation itself would be. There has been but one case cited which covers the question.

"In *Re Naylor Manfg. Co.*, 135 Fed. 206, the identical question involved in these cases was decided, and it was held that the trustee in bankruptcy was in the same position as the company, and could not raise the question of the legality of a contract entered into by a foreign corporation in the State of Pennsylvania, such corporation not having been authorized to do business in that State, and the trustee being the trustee of such corporation in a bankruptcy proceeding.

"A judgment will be entered in each case in favor

of the defendant, and against the plaintiff and his surety on the replevin, bond."

A judgment was thereupon entered in the instant case in favor of the defendant for $500 and costs, and it was conceded that there was evidence tending to show the value of the property to be equal to the, amount of the judgment. The plaintiff moved for and proposed amended findings of fact and conclusions of law in accordance with his claim, which were refused by the trial court, and exceptions were duly taken. The plaintiff brings the case here for review, by case-made after judgment.

By appropriate assignments of error, the single question involved is raised, viz. whether the chattel mortgage here involved shall be held to be valid and enforceable in this case in favor of the defendant and Mr. Kneebone, as against the attack made herein by the plaintiff upon the validity thereof. It would be well at the outset to inquire what object and reasons are back of the legislation which provides for the admission of foreign corporations to transact local business within this State. Those reasons are well stated in volume 19 Cyc., at pages 1301 and 1302, as follows:

"The object of the statutes is to protect domestic citizens doing business with such corporations, and they are not to be construed, in the absence of clear provision to such effect, as rendering contracts void as against such citizens. To so construe them would render them instruments of fraud and oppression to those for whose protection they were intended. It is not intended to devolve upon persons dealing with such corporations the duty and risk of ascertaining whether the statute has been complied with. Otherwise stated, the doctrine, as laid down in many of the cases, is that, if the State does not intervene, and if the party for whose protection the statute was enacted does not rescind it, the corporation is estopped thus to set up its own violation of the law in avoidance of its contracts."

See *Clay Fire & Marine Ins. Co.* v. *Manufacturing Co.,* 31 Mich. 346.

In *Showen* v. *Owens Co.,* 158 Mich. 321, at page 333 (122 N. W. 640, at page 645), we said:

"The court found, and the evidence warranted the finding, that the defendant through its agent was transacting local business in the State, and the fact that such business upon the showing made was unlawful should not relieve the defendant, but it should be held to assent to the same remedies which would have attached if it had done the business lawfully. It is estopped to set up in its defense the unlawfulness of its transactions. *Ehrman* v. *Insurance Co.,* 1 Fed. 471; *Hagerman* v. *Empire Slate Co.,* 97 Pa. 534; *Sparks* v. *Accident Ass'n,* 100 Iowa, 458 (69 N. W. 678); *Lafayette Ins. Co.* v. *French,* 18 How. (U. S.) 404."

The foregoing case is cited and approved in the case of *Kuennan* v. *Guaranty Co.,* 159 Mich. 122, at page 127 (123 N. W. 799, at page 801), where this court said:

"The same conclusion is arrived at, and for the same reason, when it is considered that the construction company is estopped to assert the invalidity of its contracts made in this State. *Showen* v. *Owens Co.,* 158 Mich. 321 (122 N. W. 640.)"

In *Rough* v. *Breitung,* 117 Mich. 48, at page 56 (75 N. W. 147, at page 149), this court said:

"We are forced to the conclusion from this record that this was a corporate contract, and void under the law above cited. While the corporation might be estopped to plead such a contract in its defense, it cannot maintain an action upon it without annulling the law."

The cases cited by counsel for plaintiff in which a recovery on the contract was denied were cases in which the delinquent corporation sought the aid of our courts in enforcing the contract.

In *Cashin* v. *Pliter,* 168 Mich. 386 (134 N. W. 482, Am. & Eng. Ann. Cas. 1913C, 697), where this court was dealing with Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), being "An act to regulate the carrying on of business under an assumed or fictitious name," Justice STEERE said:

"As this act involves purely business transactions, and affects only money interests, we think it should be construed as rendering contracts made in violation of it unlawful and unenforceable at the instance of the offending party only, but not as designed to take away the rights of innocent parties who may have dealt with the offenders in ignorance of their having violated the statute."

By the stipulated facts it appears that the mortgage was made in good faith and for a valuable consideration, and there is nothing to show that Mr. Kneebone had any notice or knowledge that the Brule Timber Company had not fully complied with the law relating to foreign corporations. Our attention has not been called to any authority holding that, in the absence of fraud or bad faith, the receiver occupies any different position than the corporation itself would occupy. The good faith of Mr. Kneebone and the adequacy of the consideration of the mortgage are not questioned.

In *Marine Savings Bank* v. *Norton,* 160 Mich. 614 (125 N. W. 754), the action was brought against a trustee in bankruptcy to reform a chattel mortgage so as to include after-acquired property. The court permitted such reformation, holding that:

"The trustee in bankruptcy, under the bankrupt act, takes the property of the bankrupt at the date of the adjudication, in cases unaffected by fraud, in the same plight and condition that the bankrupt himself held it, and subject to all the equities imposed upon it in the hands of the bankrupt. *York Manfg. Co.* v. *Cassell,* 201 U. S. 352 (26 Sup. Ct. 481), citing *Thompson* v. *Fairbanks,* 196 U. S. 516 (25 Sup. Ct. 306)."

See, also, *Kalamazoo Trust Co.* v. *Merrill*, 159 Mich. 649 (124 N. W. 597) ; *Wasey* v. *Whitcomb*, 167 Mich. 58, 85 (132 N. W. 572).

In *Kalamazoo Trust Co.* v. *Merrill, supra,* Justice BROOKE, speaking for this court, quoted with approval the following language from Collier on Bankruptcy (7th Ed.), p. 810e.

· "It is well settled that a trustee takes, not as an innocent purchaser, but subject to all valid claims, liens, and equities. Thus he has no better title than the bankrupt had, and is affected with every equity which would affect the bankrupt himself, if he were asserting the same rights and interests. A trustee in bankruptcy stands in the shoes of the bankrupt, and has no better title than he, in the absence of fraud, or of attaching or judgment creditors at the time of the filing of the petition. Where a right of action passes to the trustee, any defense, legal or equitable, which might have been raised against the bankrupt's claim may be raised against the trustee."

We think this language is very applicable to the instant case.

The case *In re Naylor Manfg. Co.,* 135 Fed. 206, cited by the learned circuit judge, is in point. While it is not the decision of a court of last resort, it is very persuasive, and is in accord with our own decisions.

The conclusion reached by the trial court was both legal and just, and its judgment is affirmed.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.