HALLORAN'S NATIONAL DETECTIVE AGENCY *v.* WEIDEN.

1. TRIAL—EVIDENCE—BOOK ACCOUNT.
   In an action by a detective agency for services rendered, a ruling by the trial court permitting proof of the book account, subject to establishing its reliability by other or further evidence, was not erroneous.

2. SAME—BOOK ACCOUNT IS EVIDENCE THAT SERVICES WERE PERFORMED.
   A book account, admitted without objection, *held*, evidence that the services sued for had been performed.

3. APPEAL AND ERROR—DETECTIVES—SERVICES—GREAT WEIGHT OF EVIDENCE.
   A verdict for plaintiff for detective services rendered, es-

[1]Evidence, 22 C. J. § 1040; Trial, 38 Cyc. pp. 1351, 1352; [2]Detectives, 18 C. J. § 5; Evidence, 22 C. J. § 1034; 36 L. R. A. (N. S.) 899; 10 R. C. L. 1175; 2 R. C. L. Supp. 1164; 4 R. C. L. Supp. 695; 5 R. C. L. Supp. 591; 6 R. C. L. Supp. 640; [3]Appeal and Error, 4 C. J. § 2834.

tablished by book account, *held*, not against the great weight of the evidence.

**4. TRIAL—INSTRUCTIONS—FAILURE TO INSTRUCT NOT ERROR WHERE NOT REQUESTED.**

Failure of the trial judge, who submitted the case fairly, to charge more fully on certain matters, *held*, not error, in the absence of requests to charge thereon.

Error to Kent; Brown (William B.), J. Submitted January 7, 1927. (Docket No. 47.) Decided April 1, 1927.

Assumpsit by Halloran's National Detective Agency against Joseph H. Weiden for services rendered. Judgment for plaintiff. Defendant brings error. Affirmed.

*Claude R. Buchanan* (*Irving H. Smith*, of counsel), for appellant.

*Earl W. Dunn* (*Amos F. Paley*, of counsel), for appellee.

CLARK, J. Plaintiff, a detective agency, was employed by defendant. A statement of account of the items of charges for services rendered was given to defendant, together with long and detailed reports of the services for which the charges were made. He did not pay. This suit followed. Plaintiff had verdict and judgment. Defendant brings error.

Plaintiff's first witness was its bookkeeper, called to prove the book account. She testified of having made the entries in the ledger account; that the same were correct; that the account was kept in the ordinary and usual way, posted daily as near as maybe; that it was the permanent office record, in a book of original entry. She testified of the method of bookkeeping. Operators were at work on the case. Sullivan was

---

[^1]Trial, 38 Cyc. p. 1693.

office manager and specially in charge of this case. Halloran was plaintiff's president. The operators made written reports to Sullivan. When he had approved them and reduced them to typewritten form, they were passed, so approved, to the bookkeeper, who posted the charges, so reported and approved, to the ledger account. Halloran did some work on the case. His reports were approved by him and passed to the bookkeeper. Objection was made to receiving the book account in evidence, the substance of it being that there was no proof the services charged for had actually been performed. The court ruled:

"I think at the present time, in order to have the case proceed so that the plaintiff may have an opportunity to put in his case, I will allow the exhibit to be received subject to your objection and then you may cross-examine later. * * *

"Maybe they are not worth anything, and maybe they are when their reliability is established."

This ruling was to the effect that plaintiff, in the order of proof, might put in the account, subject to the objection, and establish its reliability by other or further evidence. Further evidence was adduced. Defendant throughout the trial did not again refer to the objection. The ruling was not erroneous. *Kuennan* v. *Guaranty Co.*, 159 Mich. 122; 22 C. J. p. 867; 36 L. R. A. (N. S.) 899, note.

Defendant contends that the verdict is against the great weight of the evidence. There was evidence that the amounts charged for each day and half day were usual and customary in that business. The book account in the case, finally, without objection, was evidence that the services had been performed. 22 C. J. p. 862. Plaintiff introduced in evidence a statement of the account and the reports of the operators covering all services performed in the case. Defendant's testimony was chiefly to the effect that he had been told that the bill was padded. He testified

that he would have paid it had he not been so informed. Upon consideration of all the facts and circumstances we think the trial judge was right in declining to hold the verdict to be against the great weight of the evidence.

It is urged that the trial judge ought to have charged more fully on certain matters, but, in the absence of requests to charge, we decline to find error on that ground. The charge submitted the case fairly. We need not discuss other questions presented.

We find no prejudicial error.

Judgment affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred. BIRD, J., did not sit.