SIEWEK *v.* F. JOSEPH LAMB CO.

1. ASSUMPSIT—COMMON COUNTS—PLEADING.
   Declaration on common counts was sufficient for recovery of amounts claimed for construction of die, which was completed under additional contract after change was made and additional compensation agreed upon.

2. CONTRACTS—CHANGES—TRIAL—INSTRUCTION—ADDITIONAL CONSIDERATION.
   Instruction authorizing plaintiff's recovery of amount in addition to contract price for making die if he expedited job and did it in workmanlike manner, even if no change was made in original contract, was error, where there is no evidence that work was ever stopped, and under original contract plaintiff was bound to deliver die made in workmanlike manner within 30 days.

On agreement for arbitration as condition precedent to litigation, see annotation in 47 L. R. A. (N. S.) 387.

3. SAME—CONSIDERATION.

Where contract to deliver die made in workmanlike manner within 30 days was not rescinded, and work was not expedited, agreement to pay additional sum if work was expedited and done in workmanlike manner would be without consideration and void.

4. SAME—CHANGES—CONSIDERATION.

If changes were made in original contract, and defendant agreed to pay certain amount therefor, recovery could be had.

5. TRIAL—CONFLICTING INSTRUCTION—APPEAL AND ERROR.

Where court gave conflicting instruction on certain point, and appellate court cannot say which instruction jury followed, error resulted.

6. CONTRACTS—ARBITRATION—BURDEN OF PROOF.

Defendant alleging agreement for arbitration as bar to action on contract had burden of proof.

7. SAME—CONDITION PRECEDENT.

Agreement to arbitrate is not bar to action unless contract makes arbitration condition precedent, or is one for construction, paving, or installation.

8. EVIDENCE—BOOKS—ADMISSIBILITY.

Original books of entry were admissible in evidence in support of charge for time of men on work done, where bookkeeper testified that time was taken from cards O.K.'d by foreman and afterward destroyed, and corroborative testimony was given by others.

9. INTEREST.

In action for work in making die, interest was properly allowed from time amounts became due.

Appeal from Wayne; Moll (Lester S.), J. Submitted January 12, 1932. (Docket No. 110, Calendar No. 36,120.) Decided April 4, 1932.

Assumpsit by Otto Siewek, doing business as Siewek Tool & Die Company, against F. Joseph Lamb Company, a Michigan corporation, for work and labor on a die. Verdict and judgment for plaintiff. Defendant appeals. Affirmed conditionally.

*Yerkes, Goddard & McClintock* (*C. Upton Shreve* and *Leslie C. Putnam,* of counsel), for plaintiff.

*George H. Kretzschmar* (*Leo J. Carrigan,* of counsel), for defendant.

BUTZEL, J. Plaintiff, Otto H. Siewek, doing business as Siewek Tool & Die Company, received from defendant, F. Joseph Lamb Company, a purchase order for several dies that the latter had contracted to furnish the Willys-Overland Company. The controversy in the present case arises over one large die that was to be used for stamping splash guards for a new model car, which was to be displayed at the New York automobile show the first week of January, 1927. The order was dated October 21, 1926, and provided that all dies were to be delivered in 30 days, and that defendant was to pay plaintiff $2,000 for this particular die. Plaintiff claims that its failure to make prompt delivery was due to defendant's delay in sending completed blue prints, and further, that, when received, they called for changes by providing for steel facings and inserts not shown in the drawings first submitted and on which the price of $2,000 was based. Defendant denies this claim, and asserts that the completed and more detailed drawings did not materially differ from those first submitted, and that plaintiff trumped up this claim in an attempt to secure more compensation for work for which, through the fault of his estimator, too low a price had been asked. Plaintiff demanded $1,200 for this alleged change, referred to herein as the first change. In a letter to defendant on November 30, 1926, he stated that it would be impossible to go ahead and manufacture the dies, as the cost of labor and material alone would amount to $3,500. On December 13, 1926, he

wrote that he was holding up the work on the die on account of an engineering change that affected the construction. Again, on the 18th of the same month, in answer to a threat by defendant that it would take the work away from plaintiff, the latter wrote that he had proceeded with the job and would complete the same as soon as possible and that there would be no delay, but he again demanded more pay for the die. The testimony indicates that the work was at no time stopped. On December 20, 1926, defendant replied to plaintiff and stated:

"But we will in no manner permit you to revise the former quotation of $2,000 on this particular die on account of any changes, but we have decided to allow you the $1,200 asked for in your letter of November 30, 1926, providing you will execute the order without further delay and will turn us out first-class work."

The parties agree that one change was ordered after work had been started. Plaintiff claims that this was a second change, while defendant contends that it was the first and only one. Defendant asked that the die be changed so as to provide for lugs or ears at the end of the stampings. Plaintiff offered to do this on a time and material basis, charging $1.75 per hour for labor and the cost of material, plus a 10 per cent. profit. Defendant in the letter of December 20th also wrote:

"Concerning the changes on this die which we mentioned above as permitting you to do on a time and material basis, in case of a dispute as to your charges, we are to appoint one person, you another person, and these two parties in turn are to appoint a third person whose ruling on the proper cost will be final to us both, and the cost of this appraisal is to be paid by you and ourselves jointly, but we do

not think we will be obliged to resort to this measure, but you bring up so many different angles from time to time in the handling of this particular order, that we in turn wish to let you know exactly what we will permit you to do and what we will not permit you to do."

Plaintiff claims that, upon his notifying defendant by phone that he refused to make the change and then submit to arbitration to determine the amount of his compensation, defendant withdrew the arbitration condition and accepted plaintiff's offer as originally made. Defendant sent a number of its men to plaintiff's factory to assist in the making of the die. Plaintiff claims that they supervised the work and were not hired by him. When the die was finally shipped, the Willys-Overland Company found it defective, and charged defendant the sum of $307.19 for repairing it.

Plaintiff claimed the sum of $2,000 for the die, $1,200 for the first change, and $1,159 for the second change. Upon defendant's refusal to pay, plaintiff brought suit. He declared on the common counts, and in his bill of particulars set forth the three items, and interest on the aggregate amount. Defendant admitted owing the sum of $2,000 for the die, but denied plaintiff's right of recovery on the common counts without making a showing of the reasonable value of the work and materials; it further denied owing the $1,200 for the "first" change; claimed that arbitration was a condition precedent to a suit for the "second" change, and also claimed as offsets $307.19 for defective work and $458.93 for the labor defendant furnished in sending its men to supervise and assist in the manufacture of the die. The jury rendered a verdict of $4,985.67 in plaintiff's favor. This was almost $200 less than the

amount, with interest, demanded by plaintiff. We shall take up *seriatim* defendant's claims of error.

The declaration on the common counts was sufficient for recovery of the amounts claimed. If the contract was fully completed and the price earned, the common counts were proper, and each contract in its entirety could be introduced as proof. *McGraw* v. *Sturgeon,* 29 Mich. 426; *Nicol* v. *Fitch,* 115 Mich. 15 (69 Am. St. Rep. 542); *Sharrar* v. *Nestle,* 222 Mich. 538.

If there was a first change, as plaintiff claims, he would be entitled to the amount agreed upon for such change. The trial judge, in his charge, however, introduced another element into the case, and stated that, even if there had been no change, plaintiff would be entitled to recover the $1,200 if he expedited the whole job and did it in a workmanlike manner. The record is bare of any testimony showing that the work was expedited. Under the original contract plaintiff was bound to deliver dies made in a workmanlike manner within 30 days. While we are mindful that on November 30th plaintiff wrote to defendant that it would be impossible to go ahead with the die, as the labor and material alone ran over $3,500, the record strongly negatives any suggestion that the work was stopped at any time before delivery. Had plaintiff stopped the work, and notified defendant then so as to effect a mutual rescission of the old contract and the making of a new one in its place, plaintiff might have recovered on the theory advanced in the judge's charge. *Moore* v. *Detroit Locomotive Works,* 14 Mich. 266, 272; *Scanlon* v. *Northwood,* 147 Mich. 139. There was no such rescission, express or implied, and there was no consideration for paying plaintiff $1,200 for what he was already bound to do. The judge also prop-

erly charged that, if the first changes were made and defendant agreed to pay $1,200 for them, plaintiff might recover. However, it is impossible to tell on which theory the jury found for plaintiff on the $1,200 charge, and we are constrained to find error in the charge relating to this item.

We shall discuss other questions that may arise again on a new trial. Defendant further claims that the court erred in not holding that plaintiff was precluded from bringing suit for the "second" change until after arbitration. Assuming only for the purpose of discussion that plaintiff agreed to arbitrate, such agreement would not act as a bar to his suit. There being no provision for statutory arbitration, defendant has failed to sustain the burden of showing that the agreement came within one of the exceptions to the general rule that an arbitration agreement is not a bar to action. These exceptions are:

(a) Where the contract makes arbitration a condition precedent, express or implied, to bringing suit.

(b) Where the contract is one for construction, paving, or installation, as hereinafter stated and qualified.

A similar question arose in *Hamilton* v. *Home Ins. Co.,* 137 U. S. 370, 385 (11 Sup. Ct. 133), wherein the court quotes with approval from *Dawson* v. *Fitzgerald,* L. R. 1 Exch. Div. 257, 260, as follows:

" 'There are two cases where such a plea as the present is successful: First, where the action can only be brought for the sum named by the arbitrator; secondly, where it is agreed that no action shall be brought till there has been an arbitration, or that arbitration shall be a condition precedent to the right of action. In all other cases where there

is, first, a covenant to pay, and secondly, a covenant to refer, the covenants are distinct and collateral, and the plaintiff may sue on the first, leaving the. defendant  *  *  *  to bring an action for not referring.' "

Exception (b) is stated in Sturges on Commercial Arbitrations and Awards, at p. 63, as follows:

"Provisions in construction contracts, paving contracts and installation contracts wherein an architect, engineer, or other person who is named or to be selected, is charged with interpreting plans and specifications, or with measuring, computing, estimating and certifying quality or quantity of workmanship and materials in order to fix the compensation of the contractor, and the allowances to the owner for 'deductions,' and for damages for default or defective performance by the contractor, are likewise generally held irrevocable."

Defendant relies on *Boots* v. *Steinberg,* 100 Mich. 134, but in that case the contract provided that the price for extras for the construction of a building should be settled by arbitration unless the parties could agree upon their value. *Weggner* v. *Greenstine,* 114 Mich. 310, is also not in point, for the contract provided that the value of the work was to be computed by the architect, and, if the parties dissented, arbitration should be resorted to. Even if the contract in the instant case could be deemed the same as one for extras in a building contract, the compensation was fixed by the contract in no uncertain way and it required no arbitration to determine the amount.

Error is further claimed because plaintiff was allowed to show from his original books of entry the charge for the time of his men employed to make

the second change. The original time cards had been destroyed during the four years that intervened between the time of the work and the trial. Plaintiff's bookkeeper testified that a labor sheet had been kept on this particular job and that the time of each laborer was taken from the cards of each man who worked on it each day and his card was "O.K.'d" by the foreman. She also testified that she personally could tell the amount of labor and materials that went into the charge. Plaintiff, the subforeman, and one of the men who had worked on the job, also gave corroborative testimony. There was no error in the introduction of the books under the circumstances. *Halloran's National Detective Agency* v. *Weiden*, 238 Mich. 242; *Kuennan* v. *U. S. Fidelity & Guaranty Co.*, 159 Mich. 122.

We need not discuss the other claims of error, which should not arise on a new trial. We find it was proper to add interest from the time that the amounts became due to plaintiff. If plaintiff will file a remittitur of $1,200, together with interest thereon from the date of the charge, within 30 days from the date that this opinion is handed down, the judgment is affirmed. Otherwise, it is reversed and remanded for a new trial. Defendant will recover costs in either event.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.